UNITED STATES *v.* BENSON and others.

*(Circuit Court, D. California. July 25, 1887.)*

1. DISTRICT OF CALIFORNIA—ACT OF 1886 CONSTRUED.
   Section 11 of the act of 1886, creating the Southern district of California, (St. 1886, p. 310,) continues the district of California in existence for the trial and punishment of all offenses committed prior to the passage of the act.

2. GRAND JUROR—CHALLENGE—SETTING ASIDE INDICTMENT.
   Under the statutes of California, the absence of the name of a citizen from the last preceding assessment roll of the county from which he is summoned, is not a ground of challenge to a grand juror, or one for which an indictment can be set aside.

3. STATUTORY CONSTRUCTION.
   Several statutes *in pari materia* must be construed together, and, where there is an apparent conflict, the special provisions applicable to a particular subject following general provisions on that subject will be held to repeal or modify the latter.

4. SAME—STATE PRACTICE.
   Notwithstanding the federal courts require for their jurors similar qualifications with those of jurors in the state courts, and enforce like objections and challenges to them, they have the power, and it is their duty to exercise it, to enforce any other objection to jurors which from their nature, if well founded, would unfit them to act.

5. SAME.

A plea in abatement to an indictment that the names of some of the grand jurors who found the indictment were not on the last assessment roll of their respective counties, without any averment that the defendant was prejudiced thereby, is insufficient. The defect in such case is cured under section 1025 of the Revised Statutes.

*John T. Carey*, U. S. Atty., and *H. C. McPike*, Asst. U. S. Atty., for the United States.

*T. I. Bergin*, *W. H. L. Barnes*, *John H. Dickinson*, *Philip Teare*, and *A. P. Van Duzer*, for defendants.

Before FIELD, circuit justice; SAWYER, circuit judge; and HOFFMAN, district judge.

FIELD, Justice. The defendants were indicted in the district court for the district of California, at the December term, 1886, for an alleged conspiracy to defraud the United States of $4,952 by the presentation of fictitious and fraudulent claims, knowing them to be such, for pretended surveys of public lands. To this indictment three of the defendants appeared,—Benson, Perrin, and Hall,—and each interposed a plea in abatement, the substance of which is this: That the grand jury which found the indictment was an illegal and incompetent body, having no authority or jurisdiction to find or present it, or to find or present any indictment, for the reason that some of the persons who composed the jury—and their names are stated—were not at the time taxpayers in California, nor were they assessed for taxes on any property on the last assessment roll of the counties from which they were respectively summoned; and also for the further reason that no such district as that of California was in existence at the time the grand jurors were impaneled and sworn; that district, as alleged, having been abolished by act of congress on the fifth of August, 1886. The defendants therefore contend that the indictment is illegal and void, and should be abated and quashed; and that they are at liberty to urge these objections at this time, as they were not in custody or on bail when the indictment was found. To this plea the United States demur, and the district attorney moves that the defendants be required to answer to the indictment, notwithstanding the allegations of the plea. Subsequently the indictment was remitted to the circuit court, it appearing to the district court that difficult and important questions of law were involved in the case. The indictment brought with it, of course, the accompanying pleas and the questions raised by them.

We will consider these objections in the reverse order of that in which they were presented, and first dispose of the one to the alleged existence of the district of California. The importance of this objection is found in article six of the amendments to the constitution, which declares that "in all criminal prosecutions the 'accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, *which district shall have been previously ascertained by law.*" The offense described in the indictment is charged to have been committed on April 15, 1885. At that time the

state of California constituted one district.    On the fifth of August, 1886, an act of congress was passed, by which nine of the southern counties of the state were detached from this district, and made a separate judicial district, and called the "Southern District of California."    It declares that the district of California shall thereafter consist of the counties not thus detached, and be called the "Northern District of California."    The organization of the original district was not changed.    Its officers were continued in office as before, and were charged with the same duties, and they retained the custody of its records.    Its territorial jurisdiction alone was affected; that was reduced by the detachment of the counties named, except as to past offenses.    In the prosecution and punishment of those offenses, the original district continued in its full extent.    For that purpose the new act is to be treated as non-existent. Its language so declares; it is that "all offenses heretofore committed in the district of California shall be prosecuted, tried, and determined in the same manner, and with the same effect, to all intents and purposes, as if this act had not passed."    It would have been difficult for congress to express in clearer language its purpose, that for the prosecution and trial of past offenses the original district should continue in existence. The objection to the indictment on the ground that such district has ceased to exist is therefore, in our judgment, not tenable.

The second objection to the grand jury, from the fact that some of its members were not tax-payers of the state, nor assessed on any property on the last assessment roll of the counties from which they were respectively summoned, requires for its solution an examination of provisions of both the Civil and Penal Codes of the state.    Section 800 of the Revised Statutes declares that jurors to serve in the courts of the United States, in each state respectively, shall have the same qualifications as jurors of the highest courts of law in such state at the time.    We turn, therefore, to the law of the state.

Section 190, Code Civil Proc., defines the term "jury;" and section 191 declares that juries are of three kinds,—grand juries, trial juries, and juries of inquest.    Section 198 prescribes, in general terms, the qualifications of persons who may act on any one of them.    It declares that "a person is competent to act as a juror if he be—*First*, a citizen of the United States, an elector of the county, and a resident of the township at least three months before being selected and returned; *second*, in possession of his natural faculties, and not decrepit; *third*, possessed of sufficient knowledge of the language in which the proceedings of the court are had; *fourth*, assessed on the last assessment roll of his county, on property belonging to him."    And section 199 adds that "a person is not competent to act as a juror—*First*, who does not possess the qualifications prescribed by the preceding section; *second*, who has been convicted of a felony or misdemeanor involving moral turpitude."

These are not the only provisions on the subject of the qualifications of jurors.    Other provisions designate when the absence of any of the qualifications mentioned may be urged as an objection to a juror, and to that extent they restrain and limit the qualifications themselves.    The

essential requisites of every juror are the possession of his natural faculties, and sufficient knowledge of the language in which the proceedings before him are had to obtain a clear understanding of what is done and said. Other qualifications may tend to insure these requisites, but not necessarily; and the law may well provide that the want of them, if objected to, may in certain instances, and not in others, be urged against the juror, or to his action. It is a matter for the discretion of the legislature to determine, when such objections may be taken and when they shall not avail.

The plea in abatement has the effect of a motion to set aside or quash the indictment; and section 995 of the Penal Code of the state provides that an indictment may be set aside, on motion, in either of the following cases:

"*First,* where it is not found indorsed, and presented as prescribed in this Code; *second,* when the names of the witnesses examined before the grand jury, or whose depositions may have been read before them, are not inserted at the foot of the indictment, or indorsed thereon; *third,* when a person is permitted to be present during the session of the grand jury, and when the charge embraced in the indictment is under consideration, except as provided in section 925; *fourth,* when the defendant had not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge, either to the panel, or to any individual grand juror."

In this enumeration there is no ground stated which can apply on this motion, unless it is found in the fourth subdivision. Turning to the causes for which a challenge to the panel or to an individual grand juror may be interposed, we find none which embraces the objection taken by the plea in abatement. And the provisions relating to these challenges declare that they shall be made *only* for the causes there stated. Pen. Code, §§ 895, 896. Had this indictment been found in a state court, it could not, therefore, have been set aside on the ground under consideration. The only instance where, by the laws of the state, the fact that a juror has not been assessed on the last assessment roll of his county for property belonging to him is made ground of challenge, is when he is summoned as a petit juror; that is, for the trial of cases civil or criminal. The result of this legislation is to limit the provisions of the Code of Civil Procedure requiring jurors to be selected from those assessed on the last assessment roll of their respective counties to such as are summoned for the trial of civil or criminal cases. As to other jurors, the absence of their names as tax-payers upon such assessment roll is not allowed to disqualify them. That cannot be a qualification for the duty, the absence of which does not disqualify from acting. The clause of the Penal Code with respect to challenges to grand jurors, and to setting aside of indictments, read in connection with the clauses of sections 198 and 199 of the Code of Civil Procedure, must be held to modify and limit the extent of the latter. It is a recognized canon of construction that different statutes relating to the same subject must be so construed, if practicable, as to give effect to all their provisions; and, if that be not practicable, the special provision applicable to a particular subject will

be held to repeal or modify the more general provision. The objections urged by the plea in abatement are not, therefore, tenable.

It is true that in considering objections to grand jurors, or to their action, the federal courts are not restricted to such as are specifically designated in the legislation of the state. The provisions of the statute passed to bring offenders against the laws to trial are not to be so construed as to defeat their purpose. The various proceedings prescribed are the means designed, not merely to protect the accused, but also to protect the public; and are to be enforced, on the one hand, so as to secure to the accused a full and fair trial, and, on the other hand, so as not to prevent the punishment of crime. Notwithstanding, therefore, the federal courts require for their jurors similar qualifications with those of jurors in the state courts, and enforce like objections and challenges to them, they still have the power, and it is their duty, to exercise it either on their own motion, or on that of counsel, to enforce any other objections to jurors which, from their nature, if well founded, would necessarily unfit them to act. Such would be the case if men insane, or ignorant of the language in which the proceedings were conducted, should be placed, either designedly or inadvertently, on the panel, or the grand jurors should act under the influence of a mob or a riotous assemblage. The power of the courts to prevent their process and proceedings from being perverted to instruments of oppression and injustice would suffice for any such purpose.

The case of *Oscanyan* v. *Arms Co.*, 103 U. S. 261, furnishes an illustration of the inherent power of the court to prevent an abuse of its authority. There a Turkish consul, residing in the United States, had agreed with a manufacturing company to use his influence to induce an agent of the Turkish government, sent to the United States to purchase arms, to make a purchase of a large quantity of that company, on condition that he should be allowed by the company a percentage on the amount of the purchase. The arms being delivered, and the price paid, the company refused to allow the consul the percentage agreed, and he brought an action for the amount. The circuit court of New York, on the opening statement at the trial, ordered the case to be dismissed, on the ground that the contract of the consul for a commission on purchases made for his government by its agent through his influence upon such agent was immoral and illegal. The case being appealed to the supreme court, it was there contended that, under the laws of New York, the illegality of the contract could not be set up unless pleaded; but the court, not agreeing in that respect as to the laws of New York, held that, if it were so, the result would not be changed, that official influence was not a vendible commodity in the community, and that, in the interest of public justice, the court would not sanction an action for the price of the article. Whatever might be the rules of pleading, the court would never allow its records to be soiled by giving sanction to such an immoral and illegal transaction. So, too, in all criminal proceedings, the federal courts will so exercise their inherent powers that so far as it is possible, notwithstanding the forms of proced-

ure prescribed, the rights of the accused will not be impaired, nor the ends of justice defeated. The apprehensions, therefore, of one of the learned counsel as to the fearful consequences which may follow in other cases if the indictment be sustained in this case in the face of his objections, may be considered with composure, and dismissed.

In this case the objections to some of the grand jurors, that their names were not among the list of tax-payers on the last assessment roll of their respective counties, is technical only. There is no allegation in the plea that the jurors were not in all respects, as to ability and knowledge, fully qualified for the duties imposed upon them, or that the defendants were in any respect prejudiced by the absence of their names from the assessment roll. In these circumstances, the objection must fall under the general rule of the federal courts, that omissions which do not impair any substantial right or prejudice the defense of the accused must be disregarded, unless otherwise required by positive statute. Section 1025, Rev. St., declares that "no indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

In *U. S. v. Tuska* it was held by Judge BLATCHFORD, then district judge, now a justice of the supreme court, that where there is no averment in a plea in abatement of injury or prejudice to the defendant, irregularities in the finding of an indictment, consisting, among other things, of some of the grand jurors not possessing the proper property qualification, became matters of mere form, to be disregarded under the above statute. 14 Blatchf. 5. Without accepting this conclusion in full, the spirit which it expresses undoubtedly governs the action of the federal courts, that omissions or defects in such cases which do not prejudice the accused shall not avail to set aside an indictment or other proceeding.

The demurrer to the plea is sustained, and the defendants must plead to the indictment, and it is so ordered. The same order will be entered in all the cases.