In re MASON.

(Circuit Court, S. D. Iowa. February 21, 1898.)

1. CLERKS OF COURTS—CHANGE IN JUDICIAL DISTRICT—REPEAL OF STATUTE.
   Act July 20, 1882, creating out of certain counties a new judicial district, to be known as the "Northern District of Iowa," and providing that the remaining counties shall constitute the Southern district of Iowa, and that the judge, district attorney, marshal, and clerks of the district of Iowa shall be, respectively, the judge, district attorney, marshal, and clerks of the Southern district of Iowa, does not, by implication, repeal Act June 4, 1880, § 4, which provides "that the clerk of the district court shall be clerk of the circuit court at all the places where the same is held in said district except at Des Moines."

2. COURTS—CHANGE OF TERRITORIAL JURISDICTION—CREATION OF NEW JUDICIAL DISTRICT.
   Act July 20, 1882, dividing the state of Iowa into two judicial districts, did not abolish the district of Iowa. It simply detached certain counties from the district, and made a new district, to be known as the "Northern District of Iowa." The organization of the original district was not changed. Its officers were continued in office, charged with the same duties. Its name and territorial jurisdiction alone were affected.

3. OFFICERS—LEGISLATIVE APPOINTMENT—CONSTRUCTION OF STATUTE.
   The provision of Act July 20, 1882, that "the persons now acting as clerks for the district of Iowa shall be the clerks for the Southern district of Iowa," does not constitute a legislative appointment of such persons to their respective offices, but simply gives them, under existing laws, the same status in the Southern district that they had in the original district, without the necessity of further appointment.

4. EX OFFICIO CLERK OF CIRCUIT COURT BY SPECIAL LAW—APPOINTMENT AS CLERK OF DISTRICT COURT ONLY.
   Under Act June 4, 1880, § 4, making the clerk of the district court for the district of Iowa ex officio clerk of the circuit court of such district at all places other than Des Moines, one duly appointed, qualified, and acting as clerk of the district court for the Southern district of Iowa since the creation of the Northern district of Iowa must be regarded as the de facto, if not de jure, clerk of the circuit court for such district at places other than Des Moines, though not appointed thereto in the manner provided by the general law (Act Feb. 6, 1889). His right to act as such cannot be collaterally attacked.
   85 F.—10

A. B. Cummins, for E. R. Mason.

W. C. Howell and James C. Davis, for J. J. Steadman.

WOOLSON, District Judge. On December 20, 1875, Edward R. Mason was by Circuit Judge Dillon appointed "clerk of the United States circuit court for the district of Iowa." He duly qualified in January, 1876. At that date the district of Iowa comprised the entire state of Iowa, with four divisions therein,—the Northern, Southern, Western, and Central. Rev. St. § 537. The district court was held in each of these divisions, but (section 658, Rev. St.) the circuit court was held only at Des Moines, in the Central division. By act approved June 4, 1880 (21 Stat. 155; 1 Supp. Rev. St. p. 290), the circuit court was ordered thereafter to be held in each division "at the times and places by law provided for holding the United States district court in and for said district." At that date E. R. Mason was clerk of the circuit court of the district, and H. K. Love the clerk of the district court. Section 4 of this act provided "that the clerk of the district court shall be clerk of the circuit court at all the places where the same is held in said district, except at Des Moines." It is conceded that thereby Mr. Mason was clerk of the circuit court for the district at Des Moines, and Mr. Love (in addition to being the clerk of the district court for the district) was the clerk of the circuit court at Dubuque, Council Bluffs, and Keokuk, in the Northern, Western, and Eastern divisions, respectively, of the district. By act approved July 20, 1882 (22 Stat. 172; 1 Supp. Rev. St. p. 358), the state of Iowa was "divided into two judicial districts," a portion of the counties of the state designated in such act constituting "a new district to be known as the Northern District of Iowa." This act also provides that "the remaining counties of the state shall constitute the Southern district of Iowa: and the present district court of Iowa from and after the passage of this act, shall be known as the district court for the Southern district of Iowa." Section 2 provides that "the present judge of the district of Iowa is hereby declared to be the district judge for the Southern district of Iowa," and authority is granted for the appointment of a district judge for the Northern district of Iowa. Section 3 provides that "the district attorney and United States marshal for the district of Iowa shall be the district attorney and marshal of the Southern district of Iowa," and authority is granted for the appointment of district attorney and marshal for said Northern district. Section 4 relates to clerks of these districts. After providing for appointment of a clerk for the circuit and district courts in said Northern district, the section further provides that "the persons now acting as clerks for the district of Iowa shall be the clerks for the Southern district of Iowa." Section 6 of this act divided the Southern district into three divisions, viz. Central (court to be held at Des Moines), Eastern (at Keokuk), and Western (at Council Bluffs). After the passage of this act, and the institution of the (new) Northern district of Iowa, the situation in this (Southern) district, so far as the clerks of the circuit and district courts were concerned, remained the same; that is, Mr. Mason continued to act as clerk of the circuit court at Des Moines only, while Mr. Love continued to act as clerk of the district court throughout this district, and also as clerk of the circuit court in the

Eastern division (at Keokuk) and in the Western division (at Council Bluffs). Mr. Love died in 1891, and in January, 1892, J. J. Steadman was appointed successor, the appointment being as follows:

Mt. Pleasant, Iowa, February 15, 1892.

I hereby appoint John J. Steadman, of Council Bluffs, Iowa, clerk of the U. S. district court in and for the Southern district of Iowa.

Jno. S. Woolson, District Judge.

Since said appointment Mr. Steadman has acted as clerk of the district court, and also as "clerk of the circuit court at all places where the same is held in said district, except at Des Moines." Mr. Mason now claims that he is legally the clerk of the circuit court at all places where such court is held in this district, and that the provision, above quoted, from the act of June 4, 1880, relating to clerks is not in force.

If this question is to be solved by the construction placed upon said act of June 4, 1880, by the officials in this district at the time of the passage of said act and continually since, the decision must be adverse to the claim now made. During the lifetime of Judge Love, who was judge of this district when all the legislation above quoted was enacted, no such claim was presented. Judge Love died in July, 1891. Mr. Love, clerk of the district court, died later in the same year. For the (about) nine years succeeding the passage of the act of 1882, Mr. Love continued, without adverse claims thereto, to act as clerk of the circuit court "at all places except at Des Moines," at which that court was held in this district. It is now claimed that the act of 1882 repealed the said act of 1880 so far as relates to clerks within this district. I quote from the brief of Mr. Mason:

"The undersigned claims that the act of June 4, 1880, related to the district of Iowa, and has no effect whatever upon the Southern district of Iowa; that when the district of Iowa was abolished by the division into two judicial districts, that the laws which had special effect in that district were thereby abolished, and had no force nor effect whatever upon either of the districts into which the district [of Iowa] had been divided."

Aside from the contemporaneous construction, in this respect, placed on the act of 1882 by those specially interested therein, to which I have above adverted, and which is against the claim now made, it may further be said that the act of 1882 contains no terms expressly "abolishing" the district of Iowa. That act does create a new district, by setting off a portion of the territory theretofore lying within the "district of Iowa," and giving to such portion the name of a new district. But the act, after giving to the territory not thus set off the name of Southern district of Iowa, declares that "the present district court of Iowa * * * shall be known as the district court for the Southern district of Iowa." Had the act not changed the name from "the district" to "the Southern district," I take it, from the arguments presented, that no claim would be made that the district had been abolished. There would have been but a restriction or diminution of the territory within it. In a subsequent brief, counsel for Mr. Mason present the same contention in these words: "The act of 1882 abolished the district of Iowa. It abolished both the circuit and district courts for the district of Iowa." The phraseology of the act, as just above quoted, does not sustain this contention. In U. S. v. Benson, 31 Fed. 896, 898, though considering

the matter from a different standpoint, the circuit court for the district of California speaks of an act of congress, with reference to the district of California, which "detached certain counties from the district, and made a separate judicial district, called the Southern district of California." The phraseology of the act (24 Stat. 308; 1 Supp. Rev. St. p. 513) is almost identical with the said act of 1882, in this respect. "The district of California shall * * * hereafter be called the Northern District of California." Justice Field says of this act and its effect on the original district (page 898): "The organization of the original district was not changed. Its officers were continued in office as before, and were charged with the same duties, and they retained the custody of its records. Its territorial jurisdiction alone was affected," etc. So in this district. No new appointments were made, nor deemed necessary, because of the carving out of a new district, and the change (restriction) in territorial jurisdiction and change in name of the present district. The judge, marshal, district attorney, and clerks which had been appointed for the original district remained for "the Southern district" as they had been in "the district" of Iowa, and there appears to have been no suggestion or thought that any change had occurred in their relations to the district in which they remained, or that their duties were in any wise affected by the new legislation, within the boundaries established by such legislation. I conclude, therefore, that, so far as the act of 1882 is concerned, the relative positions, duties, and rights of the clerks of the circuit and district courts within this district remained unchanged.

It is further claimed that the provision above quoted, in the said act of 1882, relating to clerks of the district of Iowa, "constitutes a legislative appointment of a particular person to a particular office;" that under such provision "congress appointed Mason clerk of the circuit court for the Southern district of Iowa, and appointed Love clerk of the district court for the Southern district of Iowa," and it is contended therefrom that, even though it be held that Mr. Love, under such appointment, in connection with the act of 1880, continued to be the clerk of the circuit court at other places than Des Moines, yet such conferring of power was personal to him, and ceased with his termination of office of clerk. This contention cannot be sustained. Without now attempting to consider whether congress might, under the constitution, thus "legislatively appoint" a specific person to such designated position, it may be stated that such does not appear to have been the practice of congress. The opposite appears to be the fact. It would require strong and unmistakable language in the act to justify the conclusion that congress had attempted such "legislative appointment." The phrase in the act of 1882 that "the persons now acting as clerks for the district shall be the clerks for the Southern district" must be construed as giving to such persons—subject to then existing legislation as to clerks of United States courts—the same authority and right, and subjecting them to the same duties and responsibilities, in the Southern district, which they had held and experienced in the original district, without the necessity of further appointment thereto. If the contention of counsel is correct, then, in the absence of subsequent legislative authority or action, the clerks named were given life positions, and

could not have been removed from their office. This will scarcely be claimed. If there remained in force the general statutory provisions, conferring on the judges the same right to remove these clerks which then existed in other districts, and had existed in the district of Iowa, then the contention of "legislative appointment" falls, for the act of 1882 does not attempt to confer on the judges any such power. We may not lightly assume that congress intended to vest in any such clerks any right to official position otherwise than existed generally to persons holding like positions, save as then existing legislation conferred such right. And we have seen that under this act the right of the clerk of the district court to act as clerk of the circuit court at places other than Des Moines remained.

The foregoing disposes of the other branch of the contention above stated, viz. that the force of section 4 of the act of 1882, so far as it relates to the clerk of the district court, terminated when he terminated his office, and did not pass to his successor; for, if said section was not a legislative appointment to a designated office, then the act did not confer on Mr. Love such a personal right in or to the office of clerk as that the duties and powers which he exercised as clerk of the circuit court ceased with the termination of his holding the office. Since he was such clerk, with the same general duties within his district as belonged to like clerks in other districts, with the addition of certain powers of circuit clerk, when he ceased to be clerk his successor succeeded to all the official powers and duties which Mr. Love had possessed; for it is not contended that the act of 1880, in conferring on the clerk of the district court certain powers which otherwise would have been possessed by the clerk of the circuit court, did in any manner confer on Mr. Love (the then district clerk) personal powers which would not have passed to his successor had such successor been appointed before the enactment of the act of 1882.

It is further contended that by section 3 of the act of February 6, 1889 (25 Stat. 655; 1 Supp. Rev. St. p. 638), Mr. Steadman does not possess the authority to act as clerk of the circuit court in this district at places other than Des Moines, because he has never been appointed clerk of the circuit court in the manner provided in that section. This section is general in its terms. Authority need not be cited to prove that a general statute will not, by implication, repeal an earlier special statute, whose provisions may touch the subject-matter embraced in the general statute, unless the two statutes cannot properly co-exist. If by a fair and reasonable construction the two statutes can be reconciled, then both will remain in force; in other words, effect is to be given to both statutes if that be practicable. And unless it plainly appears that the later act was intended to repeal—to be a substitute for—the former act, the courts will not hold that the later, by implication, repeals the earlier statute. In my judgment, section 4 of said act of 1880, and section 3 of the act of 1889, so far as herein under consideration, are not in conflict, and are both in force. Mr. Steadman has been duly appointed clerk of the district court for this district. He has taken the oath required, and has executed his bond as such clerk, which has been duly approved and is on file at the department. For about six years he has been acting as such clerk. In my judgment,

and for reasons to me deemed entirely satisfactory, and which have been in part hereinbefore stated, he is "the clerk of the circuit court at all the places where the same is held in this district except at Des Moines," and is authorized to perform all the duties of such clerk at said places. If Mr. Mason, as hereinbefore determined, is entitled, under existing statutes and by virtue of his said appointment of December, 1875, to now act as clerk of the circuit court of this district only at Des Moines, then it is not material, so far as the claim now presented is concerned, whether or not Mr. Steadman has been duly and regularly appointed to perform the duties of said clerk of the circuit court at places other than Des Moines. He is acting as such. He has been and is by the court recognized as such. Under the requirements of the department of justice, he has given, in addition to the bond executed by him as clerk of the district court, a bond for due and proper performance of his duties as clerk of the circuit court of this district at places other than Des Moines. His acts as such circuit clerk are, therefore, binding, and of full validity, as de facto, if he were not de jure, such clerk of circuit court; and a bond exists in favor of any persons financially interested, if, indeed, two bonds do not so exist. His right to fill the office of said clerk cannot be collaterally attacked by the claim now pending. If any right exists therefor, the attack must be directly made, in a proper proceeding. The claim presented by Mr. Mason that he is entitled to act as clerk of the circuit court of this district at other places than Des Moines must therefore be denied.