# EX PARTE ARTURO COSTA.

---

### San Juan.

#### IN THE MATTER OF QUALIFICATION OF JURORS.

Federal Jurors—Porto Rico.
> 1. The local law in Porto Rico as to qualifications of jurors may be followed by the United States court.

Federal Jurors—Alienage.
> 2. The qualifications prescribed by Federal law do not in terms exempt foreigners.

Federal Jurors—Alienage.
> 3. Federal legislation is wholly inconsistent with the idea that any alien could be a juryman, and this has been the uniform practice in the Federal court for Porto Rico.

Opinion filed October 30, 1913.

---

HAMILTON, Judge, delivered the following opinion:

The petition shows that Arturo Costa is a Spanish subject, who was, under the provisions of the treaty of Paris, registered in the Spanish Consulate. This registration is exhibited. It is dated July 10, 1899, before the Spanish vice consul at

NOTE.—On the question of aliens as grand jurors, see note in 28 L.R.A. 195. And the question of alienage of juror as ground for new trial is treated in the note in 18 L.R.A. 476.

Humacao, Porto Rico. It is on a printed blank, under the seal of that office, and seems to be in proper form. It will accordingly be recognized as proving Costa is a Spanish subject.

1. This brings up the question whether a foreigner is competent as a juror in the Federal court. This is provided for in the local law of Porto Rico. In the Code of Criminal Procedure, § 186, it is required, in order to make one a competent juror, that he be "a male citizen of the United States or of Porto Rico." The local law, however, does not control in the matter of Federal jurors. Revised Statutes, § 800, U. S. Comp. Stat. 1901, p. 623, provides:

"Jurors to serve in the courts of the United States, in each state respectively, shall have the same qualifications, subject to the provisions hereinafter contained, and be entitled to the same exemptions, as jurors of the highest court of law in such state may have and be entitled to at the time when such jurors for service in the courts of the United States are summoned; and they shall be designated by ballot, lot, or otherwise, according to the mode of forming such juries then practised in such state court, so far as such mode may be practicable by the courts of the United States or the officers thereof. And for this purpose the said courts may, by rule or order, conform the designation and impaneling of juries, in substance, to the laws and usages relating to jurors in the state courts, from time to time in force in such state."

There is no rule or order in this court adopting the local law, and Federal courts are not restricted to the local legislation. United States v. Benson, 31 Fed. 896.

2. The law governing this court is defined in the act of

Congress of June 25, 1906, 34 Stat. at L. 466, chap. 3542. This reads as follows:

"That the qualifications of jurors as fixed by the local laws of Porto Rico shall not apply to jurors selected to serve in the district court of the United States for Porto Rico, but that the qualifications required of jurors in said court shall be that each shall be of the age of twenty-one years, and not over sixty-five years, a resident of Porto Rico for not less than one year, and having a sufficient knowledge of the English language to enable him to duly serve as a juror: *Provided,* That the exemption from jury duty allowed by the local law shall be respected by the court when insisted upon by veniremen: *And provided further,* That the juries for said court shall always be selected and drawn in accordance with the laws of Congress regulating the same in the United States courts."

By its terms, therefore, it strikes out for the purposes of this court the provisions of the Porto Rico Code of Criminal Procedure, § 186, which mentions alienage as a disqualification; and we must look elsewhere for the law on this point.

3. In the case of Hollingsworth v. Duane, 4 Dall. 353, 1 L. ed. 864, Fed. Cas. No. 6,618, decided in 1801, it was held that the alienage of a juror is a cause of challenge, but the objection should be taken at the time of impaneling the jury, and cannot be set up as a ground for setting aside the verdict. To the contrary effect is Queen v. Hepburn, 2 Cranch, C. C. 3, Fed. Cas. No. 11,503, decided in 1810 in the District of Columbia. This holds that alienage is not a cause of challenge of a juror. The case was appealed to the Supreme Court of the United States, and affirmed in 7 Cranch, 290, 3 L. ed. 348, but this point was not raised. In Warren's Case, in 1867, 12

Ex parte Costa.

Ops. Atty. Gen. 323, it is noted that the act of June 17, 1862, 12 Stat. at L. 430, chap. 103, U. S. Comp. Stat. 1901, p. 623, is "wholly inconsistent with the idea that any alien could be a juryman in contemplation of Federal law." It is true that this is in an act aimed specially at Confederates, and that disabilities growing out of the American Civil War have from time to time been removed. Nevertheless, this particular clause has not been repealed, and it is in harmony with the general public policy of every state.

Lord Brougham declared that the object of all law was to bring twelve disinterested men into the jury box, and it is not to be presumed, without express legislation, that foreigners are competent jurors to try cases between American or Porto Rican citizens. This conclusion is fortified by the fact that it has always been the uniform practice in this court to exclude foreigners.

The petition, therefore, of Costa to be excused from service, is granted.