### LEWIS et al. v. UNITED STATES. *

(Circuit Court of Appeals, Eighth Circuit. July 26, 1926.)

No. 7239.

1. Courts ⬅419—Original Eastern and Western districts of Oklahoma were continued for trial and punishment of crimes committed prior to enactment of statute creating three new districts (Judicial Code, §§ 59, 101, and Act Feb. 16, 1925, § 5 [Comp. St. §§ 1041, 1088, 1088d]).

Under Judicial Code, § 59, and Act Feb. 16, 1925, § 5 (Comp. St. §§ 1041, 1088d), creating three new districts in Oklahoma, original Eastern and Western districts under Judicial Code, § 101 (Comp. St. § 1088), were continued for trial and punishment of offenses committed prior thereto, and contention that, as new districts were not ascertained when offenses were committed as required by Const. Amend. 6, no federal court had jurisdiction to try offenses committed prior to February 16, 1925, was without merit.

2. Criminal law ⬅84(1).

Plain language is necessary to justify construction that statute deprives courts of jurisdiction to try persons charged with crimes.

3. Jury ⬅33(3)—Defendants held not entitled to have jurors selected from counties transferred to new district created after crime was committed.

Jurors must be selected from citizens and residents of district in which case is to be tried, and defendants were not entitled to have jurors selected from counties transferred to new district created after crime was committed.

4. Judges ⬅51(4)—Truth of affidavit of judge's disqualification held indisputable, and it was judge's duty to proceed no further (Judicial Code, § 21 [Comp. St. § 988]).

Under Judicial Code, § 21 (Comp. St. § 988), where proper affidavit of trial judge's disqualification because of prejudice was filed, truth of allegations thereof could not be disputed, and it was judge's duty to proceed no further.

In Error to the District Court of the United States for the Eastern District of Oklahoma; F. E. Kennamer, Judge.

*Rehearing denied November 15, 1926.

- 14 F.(2d)—24

Allie E. Lewis and another were convicted of violating the National Banking Act, and they bring error. Reversed.

R. L. Davidson, of Tulsa, Okl. (W. I. Williams, of Tulsa, Okl., on the brief), for plaintiffs in error.

Nugent Dodds, Sp. Asst. Atty. Gen., and Frank Lee, U. S. Atty., of Muskogee, Okl. (John M. Goldsberry, Sp. Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before LEWIS and KENYON, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. The plaintiffs in error, hereinafter referred to as the defendants, were indicted in the District Court for the Eastern District of Oklahoma, on October 9, 1924, for violation of the National Banking Act. Upon a trial to a jury in that district they were found guilty on a number of counts and sentenced to imprisonment and the payment of fines.

Among the many assignments of error (there are 241) it is only necessary, in view of the conclusions reached by us, to refer to the following:

"(19) The District Court erred in overruling and in not sustaining the motion of the defendants to dismiss the indictment for want of jurisdiction in the new United States District Court for the Eastern District of Oklahoma to try the cause, upon the ground that the offenses charged in the indictment were not committed within the territorial jurisdiction of the present Eastern District, but are alleged to have been committed in Tulsa county, Okl., in the old United States District Court for the Eastern District of Oklahoma outside of the present Eastern District of Oklahoma and in what is now a part of the Northern District of Oklahoma, and that under the Sixth Amendment to the Constitution of the United States of America the defendants were entitled to a speedy and public trial by an impartial jury in the state and district wherein the crime was alleged to have been committed which district must have been previously ascertained."

"(20) The District Court erred in overruling the motion and request of the defendants to have the fact of the Honorable Franklin E. Kennamer's disqualification as trial judge entered upon the records of the court after the filing in this cause of the affidavit of the defendants that Judge Kennamer had a personal bias and prejudice against them and in favor of the govern-

ment, which was certified by counsel of record as having been made in good faith, and which was in all respects legally sufficient to disqualify him, and in refusing to cause his disqualifications to be properly certified to the Senior Circuit Judge of the United States Circuit Court of Appeals for the Eighth Circuit in accordance with the provisions of the judicial code."

(22) It is only necessary to set out the substance of this assignment. "That persons, qualified jurors residing in two counties now a part of the Northern District of Oklahoma, at the time of the alleged commission of the offense were a part of the Eastern District of Oklahoma, were excluded from the jury box out of which the jurors for the trial of this cause were drawn and the motion of the defendants to quash the jury panel drawn from said box was erroneously overruled by the court."

[1] The contention of counsel for defendants is that originally there were two judicial districts in that state, the Eastern and Western. Section 101, Judicial Code (Comp. St. § 1088). An Act of Congress of February 16, 1925, 43 St. 945 (Comp. St. § 1088), created three new and independent districts in the state, and these new districts, not having been ascertained at the time the offenses are charged to have been committed, as required by the Sixth Amendment to the Constitution, there is no federal court in the state of Oklahoma which has jurisdiction to try persons charged with crimes committed prior to February 16, 1925.

In our opinion this claim is without merit. Section 59 of the Judicial Code (Comp. St. § 1041) expressly provides for such cases. As far as applicable to the instant case, it reads:

"Whenever any new district or division has been or shall be established, or any county or territory has been or shall be transferred from one district or division to another district or division, prosecutions for crimes and offenses committed within such district, division, county, or territory prior to such transfer, shall be commenced and proceeded with the same as if such new district or division had not been created, or such county or territory had not been transferred, unless the court, upon the application of the defendant, shall order the cause to be removed to the new district or division for trial."

Authorities in point are United States v. Hackett (C. C.) 29 F. 848; United States v. Benson (C. C.) 31 F. 896; In re Benson (C. C.) 58 F. 962; In re Mason, 85 F. 145; 6 Opin. Atty. Gen. 103.

As stated by Mr. Justice Field, sitting as Circuit Justice, in United States v. Benson, supra, Sawyer, Circuit Judge, and Hoffman, District Judge, concurring, in which the identical question was in issue:

"The organization of the original district was not changed. Its officers were continued in office as before, and were charged with the same duties, and they retained the custody of its records. Its territorial jurisdiction alone was affected; that was reduced by the detachment of the counties named, except as to past offenses. In the prosecution and punishment of those offenses, the original district continued in its full extent. For that purpose the new act is to be treated as nonexistent. Its language so declares; it is that 'all offenses heretofore committed in the district of California shall be prosecuted, tried, and determined in the same manner, and with the same effect, to all intents and purposes, as if this act had not passed.' It would have been difficult for Congress to express in clearer language its purpose, that for the prosecution and trial of past offenses the original district should continue in existence. The objection to the indictment on the ground that such district has ceased to exist is therefore, in our judgment, not tenable."

While the act of 1925 does not contain a provision that "all offenses heretofore committed in the district of California shall be prosecuted, tried, and determined in the same manner, and with the same effect, to all intents and purposes, as if this act had not passed," as did the acts construed in the cases cited above, it contains the following provision:

Section 5 (Comp. St. § 1088d), after providing for the continuance of the jurisdiction of the courts of the Eastern and Western districts, continues: "Save and except as to the authority expressly conferred by law on said courts, judges or officers, or any of them, to commence and proceed with the prosecution of crimes and offenses committed therein prior to the establishment of the said northern district, and save and except as to any other authority expressly reserved to them or any of them under any law applicable in the case of the creation or change of the divisions or districts of district courts of the United States."

Prior to the enactment of the Judicial Code, March 3, 1911, there was no such general law as section 59 of that Code, and for this reason Congress, whenever it creat-

ed a new district in a state or transferred certain counties from one district or division to another district or division, made special provision for the continuance of the jurisdiction of offenses committed prior thereto. To obviate these special provisions, section 59 of the Judicial Code was no doubt enacted. But, in order to remove any doubt on the subject, Congress, in the act of 1925 under consideration, inserted the above-quoted provision.

[2] It would require plain language to justify courts to construe a statute to the effect that the courts are deprived of jurisdiction to try persons charged with commission of crimes and in effect proclaim a general pardon for criminals not yet tried. Clearly Congress did not intend such a disastrous result. In our opinion, that act cannot be so construed.

[3] Nor is there any merit in the contention that the defendants were entitled to have jurors selected from the counties transferred from the Eastern to the Northern district.

Jurors must be selected from citizens and residents of the district, in which the cause is to be tried. United States v. Peuschel (D. C.) 116 F. 642; Ruthenberg v. United States, 245 U. S. 480, 38 S. Ct. 168, 62 L. Ed. 414; Spencer v. United States, 169 F. 562, 95 C. C. A. 60, decided by this court.

If jurors from the counties transferred from the Eastern to the Northern district were to be selected, it would necessitate a writ of venire facias to the marshal for the Northern district, for the marshal of the Eastern district has no power to execute it outside of his own district. There is no statute authorizing jurors to be drawn for service out of the district of their residence.

[4] Did the trial judge err in failing to disqualify himself, upon the filing of the affidavit of prejudice?

The affidavit for disqualification was carefully drawn, and is similar to that in Berger v. United States, 255 U. S. 22, 35, 41 S. Ct. 230, 65 L. Ed. 481. It was there held, quoting from the headnotes:

"1. Upon the filing of an affidavit of a party to a case in the District Court, in conformity with Judicial Code, § 21 [Comp. St. § 988], averring the affiant's belief that the judge before whom the case is to be tried has a personal bias or prejudice against him, and stating facts and reasons, substantial in character, and which, if true, fairly establish a mental attitude of the judge against the affiant which may prevent impartiality of judgment, it becomes the duty of the judge to retire from the case.

"2. The judge may pass upon the sufficiency of the affidavit, but not upon the truth or falsity of the facts alleged."

To the same effect is Nations v. United States, 14 F. (2d) 507, decided by this court on July 17, 1926.

It is thus the settled law, notwithstanding that many of the courts, inferior to the Supreme Court, had, prior to the filing of the opinion in the Berger Case, ruled otherwise, that, upon the filing of a proper affidavit, if the affidavit for disqualification is in proper form, the truth of the allegations therein are indisputable, and the duty of the judge, after the filing of the affidavit, is to proceed no further.

The learned trial judge erred in refusing to disqualify himself, and for this reason the judgment must be and is reversed.