## WARNER v. CITIZENS' BANK OF ANACORTES.

Circuit Court of Appeals, Ninth Circuit.
May 14, 1928.

No. 5308.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

On rehearing. Denied.
For former opinion, see 25 F.(2d) 21.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The petition for rehearing does little more than to challenge the correctness of the statement in the opinion, in harmony with an express finding of the trial court, that "the association has continued to retain possession of the money paid by Beck and of the notes and chattel mortgage executed by him covering the deferred installments, and has from time to time collected such installments." The record, as we have it, is greatly condensed, and some confusion is due to the fact that appellant was acting in a dual capacity. It is true that, acting for the assignee, he executed an assignment of the mortgage and notes to himself as trustee, but it was on conditions the referee declined to approve. Payments by Beck were made to him, but whether they were put in his assignee pocket or trustee pocket, he, as a witness was not sure. But minute analysis is wholly unnecessary. The statement in question was made in narration only, and was neither assigned nor considered as furnishing any reason whatsoever for our conclusion. That we did not regard it as material appears on the face of the opinion, and that appellant takes the same view is clear, for in his original brief he closes a discussion of the lower court's finding thus:

"Whether or not this is true has nothing to do with the issues of this action. If true, the assignee is before the referee, and can be made to account; if true, the trustee should be ordered to proceed against the assignee. It is a matter for the referee to deal with in

26 F.(2d)—30

the administration of the estate. All the foregoing matters are immaterial and outside the issues of this action."

It therefore appears that, in the most favorable view to appellant, our transgression consisted of the statement of an immaterial matter having but feeble support in the evidence—a consideration which cannot possibly furnish any ground for rehearing.

Petition denied.

## LEWIS et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 7, 1928.

No. 7492.

In Error to the District Court of the United States for the Eastern District of Oklahoma; John C. Pollock, Judge.

On motion for rehearing. Denied.
For former opinion, see 22 F.(2d) 760.

R. L. Davidson and W. I. Williams, both of Tulsa, Okl., for plaintiffs in error.

Before STONE and VAN VALKENBURGH, Circuit Judges.

PER CURIAM. After careful consideration of the matters presented in the petition for rehearing, we adhere to the conclusions announced in the opinion filed to which that petition is addressed. It appears, however, that through similarity of situations the decision of this court in Lewis et al. v. United States, 14 F.(2d) 369, was treated as having been rendered in the instant case. It is now brought to our attention that this was a misconception, which the arguments of counsel at the hearing failed to remove. The opinion, therefore, should be, and hereby is, modified in that particular. However, Lewis et al. v. United States, 14 F.(2d) 369, was referred to, not as declaring the law of this case, but as announcing principles which we regarded, and still regard, as convincing and decisive of certain of the issues before us. Therefore the modification now made in no wise affects the ultimate conclusion reached.

The rehearing prayed is accordingly denied.