## RUTHENBERG ET AL. *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF OHIO.

No. 656.   Argued December 13, 14, 1917.—Decided January 14, 1918.

As to the constitutionality of the Selective Draft Law, the case is ruled
by the *Selective Draft Law Cases, ante,* 366.

No infraction of constitutional or statutory right is predicable of the
fact that the indictment and conviction of a Socialist are returned
by grand and petit juries composed exclusively of members of other
political parties, and property owners.

Upon a criminal trial of defendants who are Socialists, it is not error
for the District Court to refuse them permission to ask the jurors
whether they distinguish between Socialists and Anarchists.

The Sixth Amendment, both by its plain text and as construed con-
temporaneously by the Judiciary Act of 1789, and continuously by
legislative and judicial practice (Rev. Stats., § 802; Jud. Code, § 277),
permits the drawing of a jury from a part of the district in criminal
cases—in this case from a division.

A sworn charge previously made is not essential to the validity of an
indictment.

By § 5 of the Selective Draft Law, all male persons between the ages
of 21 and 30, both inclusive (with certain exceptions), must register.
In an indictment under it for failure to register and for aiding, abet-
ting, etc., such failure, it is sufficient, therefore, to allege that the de-
linquent was a male person between those ages, and not necessary
to allege that he was a citizen of the United States, or a person, not
an alien enemy, who had declared his intention to become such cit-
izen, since these latter matters go only to the liability to military
duty, under the act, and not to the duty to register.

An indictment charging one person with the direct commission of the
criminal act, and others with aiding, abetting, counseling, command-
ing and inducing it, charges but one offense against all, since, by
§ 332 of the Criminal Code, all are principals.

By § 332 of the Criminal Code, charging a defendant as an aider and
abettor of the direct criminal act states the offense against him as
principal, though the offense be a misdemeanor, and though at com-
mon law there could be no accessory to a misdemeanor.

Affirmed.

THE case is stated in the opinion.

*Mr. Joseph W. Sharts*, with whom *Mr. Morris H. Wolf* was on the brief, for plaintiffs in error.

*The Solicitor General*, with whom *Mr. Robert Szold* was. on the brief, for the United States.   See *ante*, 368.

*Mr. Hannis Taylor* and *Mr. Joseph E. Black*, by leave of court, filed a brief as *amici curiæ*.

*Mr. Walter Nelles*, by leave of court, filed a brief as *amicus curiæ*.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Schue was indicted for having failed to register as required by the Act of Congress of May 18, 1917, c. 15, 40 Stat. 76, known as the Selective Draft Law, and in the same indictment it was charged that Ruthenberg, Wagenknecht and Baker, the plaintiffs in error, "did aid, abet, counsel, command and induce" Schue in failing to register "and procure him to commit the offense involved in his so doing." Schue pleaded guilty and the other three defendants were tried, found guilty and sentenced. Because of objections raised to the constitutionality of the act this direct writ of error was prosecuted.

As every contention made in this case concerning the unconstitutionality of the Selective Draft Law was urged in *Arver v. United States*, [*Selective Draft Law Cases*], *ante*, 366, and held to be without merit, that subject may be put out of view. The remaining assignments of error are to say the least highly technical, and require only the briefest notice.

The want of merit in the proposition that constitutional

or statutory rights were denied the plaintiffs in error, who were Socialists, because the grand and trial juries were composed exclusively of members of other political parties and of property owners, is demonstrated by previous adverse rulings upon similiar contentions urged by negro defendants indicted and tried by juries composed of white men. *Martin* v. *Texas*, 200 U. S. 316, 320, 321; *Thomas* v. *Texas*, 212 U. S. 278, 282.

A further objection that plaintiffs in error were prejudiced by the refusal of the court below to permit them in examining the jurors to inquire whether they distinguished between Socialists and Anarchists is likewise disposed of by previous decisions. *Spies* v. *Illinois*, 123 U. S. 131; *Thiede* v. *Utah Territory*, 159 U. S. 510; *Holt* v. *United States*, 218 U. S. 245, 248.

It is contended that plaintiffs in error were not tried by a jury of the State and district in which the crime was committed, in violation of the Sixth Amendment, because the jurors were drawn not from the entire district but only from one division thereof. The proposition disregards the plain text of the Sixth Amendment, the contemporary construction placed upon it by the Judiciary Act of 1789 (c. 20, 1 Stat. 73, 88, § 29), expressly authorizing the drawing of a jury from a part of the district, and the continuous legislative and judicial practice from the beginning. Section 802, Rev. Stats.; § 277, Judicial Code. *Agnew* v. *United States*, 165 U. S. 36, 43; *United States* v. *Wan Lee*, 44 Fed. Rep. 707; *United States* v. *Ayres*, 46 Fed. Rep. 651; *United States* v. *Peuschel*, 116 Fed. Rep. 642, 646; *Clement* v. *United States*, 149 Fed. Rep. 305; *Spencer* v. *United States*, 169 Fed. Rep. 562, 565, 566; *United States* v. *Merchants' &c. Co.*, 187 Fed. Rep. 355, 359, 362.

It is argued that the court below erred in refusing to quash the indictment on the ground that it had been found "without a sworn charge previously made." It is settled

that such a charge is unnecessary. *Frisbie* v. *United States,* 157 U. S. 160, 163; *Hale* v. *Henkel,* 201 U. S. 43, 59, 60.

Further, it is said, the indictment was insufficient because it did not allege that Schue, who it was charged refused to register, was a citizen of the United States or was a person not an alien enemy who had declared his intention to become such citizen. But this overlooks the fact that although only the persons described were subject to military duty under the terms of the act, by § 5 "all male persons between the ages of twenty-one and thirty, both inclusive" (with certain exceptions not here material), were required to register. It was sufficient to charge, therefore, as the indictment did, that Schue was a male person between the designated ages.

The contention that more than one offense was charged in the same indictment is without merit. Section 332 of the Criminal Code provides that "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." The indictment, therefore, charged but one offense—the refusal of Schue to register—plaintiffs in error being charged as principals in procuring such refusal. And this also disposes of a further contention based upon the same misconception that, as at common law there could be no accessory to a misdemeanor, no offense was charged in the indictment.

Other errors are assigned but we do not expressly notice them, some because they are not urged in argument, others because they are so unsubstantial as not to require even statement, and we content ourselves with saying that after a careful examination of the whole record we find no error, and the judgment is

*Affirmed.*