## LARRAMORE et al. v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. October 21, 1925.)

No. 4628.

**1. Indictment and information ⬅═6—Grand jury drawn from one division of district may indict for offenses committed in another division thereof.**

Indictment returned in one division of a district will not be quashed because it shows on its face that alleged offenses were committed in another division or because grand jury which found it was drawn exclusively from division in which it sat, in view of Judicial Code, § 277 (Comp. St. § 1254).

**2. Grand jury ⬅═5—Persons summoned to serve as grand jurors in one division may be impaneled as grand jury for entire district.**

Persons summoned to serve as grand jurors at a session of court in one division may be impaneled as a grand jury for entire district.

*Certiorari denied 46 S. Ct. 203, 70 L. Ed. ——.

**3. Grand jury ⬅═5—Grand jury held not selected for particular division only of district.**

Where order directed that grand jurors be summoned to appear at particular place in particular division of district, "to be impaneled and sworn as grand jurors to serve in a District Court of the United States for said division," and where indictment recited that grand jury had been selected and sworn for the "district," held, contention that grand jury was selected for particular division only was not sustained.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Wade Larramore and others were convicted of an offense, and they bring error. Affirmed.

S. B. Lippitt, of Albany, Ga., and E. E. Cox, of Camilla, Ga., for plaintiffs in error.

F. G. Boatright, U. S. Atty., of Cardele, Ga., and B. S. Deaver, Asst. U. S. Atty., of Macon, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error were indicted in the Eastern division of the Southern district of Georgia for offenses alleged to have been committed in the Albany division of that district, of which the accused were residents, and the case was by order of the court transferred to the Albany division for trial. The court overruled a motion of the accused that the indictment be quashed on the following grounds: (1) That the indictment was returned in said Eastern division, and shows on its face that the alleged offenses were committed in said Albany division; (2) that the grand jury which found the indictment was drawn exclusively from said Eastern division; (3) that "the said grand jury was selected, drawn, impaneled, and sworn to inquire for and to serve in said Eastern division, in which it was sitting alone."

All the persons drawn as grand jurors were residents of said Eastern division. They were summoned pursuant to an order of the court which directed the clerk to issue a writ of venire facias directing the marshal to summon them to be and appear personally at a stated time and place in said Eastern division, "then and there to be impaneled and sworn as grand jurors, to serve in a District Court of the United States for said division, then and there to be holden."

[1] The motion was not sustainable on the first or second stated grounds, as the fact that a grand jury is drawn, as directed by

the court, from one part or division of a district, does not keep it from being authorized to indict for offenses committed in another part or division of the district. Judicial Code, § 277 (Comp. St. § 1254); Ruthenberg v. United States, 245 U. S. 480, 38 S. Ct. 168, 62 L. Ed. 414; United States v. Chaires (C. C.) 40 F. 820.

[2,3] The allegation of the third ground of the motion, to the effect that the grand jury which returned the indictment was selected, drawn, impaneled, and sworn to inquire for said Eastern division alone, was not sustained. The indictment contains a recital that the grand jurors who returned it were "selected, chosen, and sworn    *   *   *   for the Southern district of Georgia." This recital is consistent with the above-quoted order under which the grand jurors were summoned. Persons summoned to serve as grand jurors at a session of court in one division of a district may be impaneled as a grand jury for the entire district. Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989. Nothing disclosed was inconsistent with the conclusion that the grand jury which returned the indictment was impaneled for the entire district, and empowered to indict for offenses in a division of the district other than the one in which it was impaneled.

We conclude that the court did not err in overruling the motion to quash the indictment. The judgment is affirmed.