## YIP WAH et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 26, 1925.)

No. 4598.

1. **Indictment and information** ⊙125(5½)—Indictment held not duplicitous.

Indictment charging conspiracy to receive, conceal, buy, sell, and facilitate transportation, concealment, and sale of smoking opium *held* not duplicitous.

2. **Indictment and information** ⊙125(5½)—Indictment held not to charge different offenses in single count.

Indictment setting forth series of acts consecutively performed in committing crime relating to certain specified and described smoking opium, which followed language of statute, *held* not duplicitous, as charging different offenses in single count.

3. **Arrest** ⊙63(3), 71—Searching defendants' persons, or seizing opium without search warrant, held not violative of constitutional rights.

Where offenses of receiving, transporting, etc., smoking opium were openly committed, and officers had visible evidence of commission of crime in tins of opium which had fallen from broken trunks, and shipment of trunks by rail, accompanied by owners on way to another state, such knowledge was sufficient to justify arrest and, without search warrant, search of accused taken in commission of crime.

4. **Criminal law** ⊙395—Admitting in evidence papers taken from one defendant's possession held without error.

In prosecution for transporting, etc., opium, where knowledge gained by officers was sufficient to justify arrest and search of defendants, who were taken in commission of crime, there was no error in admitting papers taken from

possession of one defendant, since they related to transportation of opium and were pertinent.

**5. Criminal law ⊗⇒1144(14)—No presumption of error in instruction given, where evidence not in bill of exceptions.**

There can be no presumption of error in instruction given by court, where evidence is not presented in bill of exceptions.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Yip Wah and another were convicted of conspiracy to receive and transport smoking opium, and with receiving, selling, and facilitating transportation thereof, and they bring error. Affirmed.

G. F. Vanderveer, of Seattle, Wash., and L. B. Sulgrove, of Tacoma, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and Carroll A. Gordon, Asst. U. S. Atty., both of Seattle, Wash. (W. W. Mount, Asst. U. S. Atty., of Tacoma, Wash., on the brief), for the United States.

Before GILBERT, RUDKIN, and Mc-CAMANT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error were convicted under two counts of an indictment. The first count charged them with conspiracy to receive, conceal, buy, sell, and facilitate the transportation of smoking opium. The second charged them with feloniously receiving, concealing, buying, selling, and facilitating in the transportation of certain described smoking opium, knowing the same to have been imported contrary to law.

It was shown in evidence that the plaintiffs in error, together with one Herbert M. Samuels, went from San Francisco to Grays Harbor, and there received from a vessel lying in the harbor a large quantity of smoking opium, consisting of approximately 1,000 tins, which they thereupon packed in six trunks for transportation to San Francisco, for which point they purchased tickets and checked the trunks. While being placed on the train, one of the trunks was accidentally broken open, and two cans of opium fell out. The baggage master, on discovering that fact, notified a deputy collector of customs, and later the plaintiffs in error were arrested and removed from the train, and the six trunks containing the opium were seized, and were opened with keys taken from the person of Harry Tom. The plaintiffs in error were searched, and from their persons were taken certain documents which, on the trial, were admitted in evidence.

[1] It is contended that the demurrer to the first count of the indictment should have been sustained, on the ground that it is duplicitous in charging a conspiracy to receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of smoking opium. The demurrer was properly overruled. In Frohwerk v. United States, 249 U. S. 209, 39 S. Ct. 252, 63 L. Ed. 561, it was said: "Countenance, we believe, has been given by some courts to the notion that a single count in an indictment for conspiring to commit two offenses is bad for duplicity. This court has given it none. * * * The conspiracy is the crime, and that is one, however diverse its objects." Similar indictments have been sustained by this court in Shepard v. United States, 236 F. 73, 149 C. C. A. 283; Proffitt v. United States (C. C. A.) 264 F. 299; Ukichi v. United States (C. C. A.) 281 F. 525.

[2] The demurrer to the second count was also properly overruled. That count but sets forth a series of acts consecutively performed in committing a crime relating to certain specified and described smoking opium, and it follows the language of the statute. It is not duplicitous, in that it charges different offenses in a single count. Ruthenberg v. United States, 245 U. S. 480, 38 S. Ct. 168, 62 L. Ed. 414; Barker v. United States (C. C. A.) 6 F.(2d) 149; Stubbs v. United States (C. C. A.) 1 F.(2d) 837; Sam Wong v. United States (C. C. A.) 2 F.(2d) 969.

[3, 4] We find no merit in the contention, presented by several assignments, that there was violation of the constitutional rights of the plaintiffs in error in searching their persons or seizing the opium without a search warrant. The offense was openly committed. The officers had the visible evidence of the commission of a crime in the tins of opium which had fallen from the broken trunk, and the shipment of the six trunks by rail, accompanied by the owners thereof, on their way to a point in another state. The knowledge they thus had by their senses was sufficient to justify the arrest and the search of the accused, who were taken in the commission of a crime. King v. United States (C. C. A.) 1 F.(2d) 931; Sayers v. United States (C. C. A.) 2 F.(2d) 146. There was no error, therefore, in the admission in evidence of the papers taken from the possession of Harry Tom. They related to the importation of opium, and were pertinent to the issues.

[5] Error is assigned to the court's in-

struction to the jury that, in so far as the defendant Harry Tom testified, his testimony might be considered for any purpose in the case. The record shows that at the close of the government's case Harry Tom rested his own case, and thereafter he voluntarily testified for Yip Wah. The contention is that he was entitled to have his own case judged solely by the evidence as it stood when he rested. To this a conclusive answer is that Harry Tom's evidence is not presented in the bill of exceptions, and is not shown to have prejudiced his case, and therefore there can be no presumption of error in the instruction so given by the court.

The judgment is affirmed.