## MIZELL v. BEARD, U. S. Marshal.

District Court, N. D. Oklahoma.    April 4, 1928.

No. 653.

**1. Courts ⌘419—District Court of district created after offense charged in indictment had no jurisdiction thereof (Jud. Code, § 59 [28 USCA § 121]).**

Under Judicial Code, § 59 (28 USCA § 121), District Court of district created subsequent to offense charged under indictment had no jurisdiction thereof, and defendant was entitled to discharge in habeas corpus.

**2. Criminal law ⌘242(8)—Commissioner, on application to remove prisoner, must determine identity of party, whether indictment charged offense, and whether indictment was triable in district.**

On application to remove prisoner from one district to another for trial, commissioner must determine identity of party charged in indictment, whether indictment charged an offense against the United States, and, if so, whether offense charged was triable in district to which removal was sought.

Habeas corpus by Amos C. Mizell against H. G. Beard, United States Marshal. Writ granted, and petitioner discharged.

H. B. Martin and S. J. Montgomery, both of Tulsa, Okl., for petitioner.

Jno. M. Goldesberry, Dist. Atty., of Tulsa, Okl., opposed.

KENNAMER, District Judge.    [1] Amos C. Mizell, petitioner herein, was indicted in the Macon division of the Middle district of Georgia on the 10th day of February, 1928, for violation of the National Banking Law. Section 5209, Revised Statutes (12 USCA § 592). The indictment contains thirteen counts, charging petitioner with embezzlement and misapplication of the funds of the Exchange Bank of Valdosta, Ga., a banking association organized under the laws of the state of Georgia, and alleged to be a member bank of the Federal Reserve System, Sixth Federal Reserve District, as defined by the act known as the Federal Reserve Act (12 USCA § 221 et seq.). The offenses are alleged to have been committed on or about the 24th day of January, 1924, in the county of Lowndes, state of Georgia, in the Valdosta division of the Middle district of Georgia. The petition for a writ of habeas corpus avers that the offenses charged in the indictment could not have been committed in the Middle district of Georgia, in the Valdosta division thereof, for the reason that the county of Lowndes, on the date the offenses are charged to have been committed, was located within the Southwestern division of the Southern district of Georgia; that, by Act of Congress approved May 28, 1926, chapter 414, section 1, 44 Stat. 670 (28 USCA § 150), the Middle district of Georgia was created, and the county of Lowndes transferred from the Southern district of Georgia to the Middle district; that said indictment is therefore void; that the Middle district of Georgia is without jurisdiction of the offenses charged in the indictment; that the order of the United States commissioner adjudging that there is probable cause, and the order of the District Court for removal entered herein, committing the petitioner for removal to the Middle district of Georgia, unlawfully restrains him of his liberty. Petitioner is entitled to be discharged upon his application for a writ of habeas corpus.

It is conceded by the district attorney that the county of Lowndes was located within the Southern district of Georgia on the date of the alleged commission of the offenses charged in the indictment, and that the Middle district of Georgia was created by the Act of Congress approved May 28, 1926.

The government contends that the writ should be denied upon the authority of Quinlan et al. v. United States (C. C. A. 5th) 22 F.(2d) 95, wherein it was held:

"The provision of Judicial Code, § 59 (28 USCA § 121), similar to section 300 (28 USCA § 443; Comp. St. § 1277), that 'whenever any new district * * * shall be established, or any county or territory * * * shall be transferred from one district * * * to another district, * * * prosecutions for crimes and offenses, committed within such district, * * * county or territory prior to such transfer shall be commenced and proceeded with the same as if such new district * * * had not been created,' applies only to criminal cases begun before and pending at the time of creation of the new district."

The rule announced in this case is in conflict with the case of Lewis et al. v. United States (C. C. A. 8th) 14 F.(2d) 369. In the latter case Judge Trieber, in the opinion for the court, quoted with approval the language of Mr. Justice Fields, sitting as Circuit Justice, in United States v. Benson (C. C.) 31 F. 896, as follows:

"The organization of the original district was not changed. Its officers were continued in office as before, and were charged with the same duties, and they retained the custody of its records. Its territorial jurisdiction alone was affected; that was reduced by the detachment of the counties named, except as to past offenses. In the prosecution and

punishment of those offenses, the original district continued in its full extent. For that purpose the new act is to be treated as nonexistent. Its language so declares; it is that 'all offenses heretofore committed in the district of California shall be prosecuted, tried, and determined in the same manner, and with the same effect, to all intents and purposes, as if this act had not passed.' It would have been difficult for Congress to express in clearer language its purpose, that for the prosecution and trial of past offenses the original district should continue in existence. The objection to the indictment on the ground that such district has ceased to exist is therefore, in our judgment, not tenable."

The court in the Lewis Case reached the conclusion, in construing section 59 of the Judicial Code, that where a new district or division has been or shall be established, or any county or territory has been or shall be transferred from one district or division to another district or division, offenses committed prior to such transfer should be instituted and proceeded within the old district from which the transfer is made, the same as if no such transfer had been made. It would seem under the plain language of section 59 of the Judicial Code that it was the intention of the Congress to leave no doubt as to the proper district for the institution and proceedings in prosecutions for past offenses prior to such transfer, and that such prosecutions must be instituted and proceeded with in the same manner as if the act providing for the transfer had never been passed. This construction meets all the requirements of the Sixth Amendment to the Constitution, providing, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." The court in the case of Lewis et al. v. United States, supra, after quoting section 5 (Comp. Stat. § 1088d) creating the Northern district of Oklahoma, as follows: "Save and except as to the authority expressly conferred by law on said courts, judges or officers, or any of them, to commence and proceed with the prosecution of crimes and offenses committed therein prior to the establishment of the said Northern district, and save and except as to any other authority expressly reserved to them or any of them under any law applicable in the case of the creation or change of the divisions or districts of District Courts of the United States"—held:

"Prior to the enactment of the Judicial Code, March 3, 1911, there was no such general law as section 59 of that Code, and for this reason Congress, whenever it created a new district in a state or transferred certain counties from one district or division to another district or division, made special provision for the continuance of the jurisdiction of offenses committed prior thereto. To obviate these special provisions, section 59 of the Judicial Code was no doubt enacted. But, in order to remove any doubt on the subject, Congress, in the act of 1925 under consideration, inserted the above-quoted provision.

"(2) It would require plain language to justify courts to construe a statute to the effect that the courts are deprived of jurisdiction to try persons charged with commission of crimes and in effect proclaim a general pardon for criminals not yet tried. Clearly Congress did not intend such a disastrous result. In our opinion, that act cannot be so construed.

"(3) Nor is there any merit in the contention that the defendants were entitled to have jurors selected from the counties transferred from the Eastern to the Northern district.

"Jurors must be selected from citizens and residents of the district in which the cause is to be tried. United States v. Peuschel (D. C.) 116 F. 642; Ruthenberg v. United States, 245 U. S. 480, 38 S. Ct. 168, 62 L. Ed. 414; Spencer v. United States, 169 F. 562, 95 C. C. A. 60, decided by this court."

[2] In the present case, the indictment returned in the Middle district of Georgia alleges that the offenses were committed within said district. This cannot be true for the reason that the Middle district was not in existence on the date the indictment charges the offenses were committed. On an application to remove a prisoner from one district to another district for trial, the commissioner must determine the identity of the party charged in the indictment, whether the indictment charged an offense against the United States, and, if so, whether the offense charged is triable in the district to which the removal is sought. Haas v. Henkel, U. S. Marshal (C. C.) 166 F. 621, 622; Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689. If the offense is not triable in the district to which the removal is sought for the reason the court of that district is without jurisdiction of the offense, then the petitioner is entitled to be discharged. Greene v. Henkel, 183 U. S. 249, 22 S. Ct. 218, 46 L. Ed. 177; Benson v. Henkel, 198 U. S. 1, 25 S. Ct. 569, 49 L. Ed. 919.

Having reached the conclusion, on the au-

thority of Lewis et al. v. United States, supra, that the District Court of the Middle District of Georgia is without jurisdiction of the alleged offenses set out in the indictment herein, the writ is allowed, and the petitioner is order discharged.