### MIZELL v. VICKREY, U. S. Marshal.

Circuit Court of Appeals, Tenth Circuit.
November 23, 1929.

No. 24.

See, also, 25 F.(2d) 324.

S. J. Montgomery and H. B. Martin, both of Tulsa, Okl. (Charles F. Martin, of Tulsa, Okl., on the brief), for appellant.

W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl. (John M. Goldesberry, U. S. Atty., and Harry Seaton, Asst. U. S. Atty., both of Tulsa, Okl., on the brief), for appellee.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

LEWIS, Circuit Judge. This is an appeal from an order denying release from custody. The marshal held appellant for removal to Savannah, Georgia, where an indictment was pending against him. From his petition for the writ of habeas corpus, exhibits therewith, the marshal's return and admissions it appears that on May 30, 1928, an indictment charging appellant in several counts with different offenses defined by the National Banking Act was found and returned by a grand jury to the United States District Court for the Southern District of Georgia, then sitting in the Savannah Division. The opening and jurisdictional part of the indictment reads in this way:

"In the District Court of the United States of America for the Southern District of Georgia.

"Of the May Term, in the year 1928.

"Southern District of Georgia, Savannah Division, ss.

"The grand jurors for the United States of America empaneled and sworn at the May Term 1928 of the Savannah Division of the District Court of the United States for the Southern District of Georgia, and inquiring for said division and for the said district as it existed both prior to and subsequent to May 28, 1926, at which time the boundaries of said Southern District of Georgia were changed by an Act of Congress entitled 'An Act to amend Section 77 of the Judicial Code to create a Middle District in the State of Georgia, and for other purposes,' approved May 28, 1926, upon their oath present," etc.

All of the offenses are charged to have been committed in the City of Valdosta, which is in Lowndes county, Georgia, and that county was in the Southern district of Georgia, Southwestern division, when the offenses are charged to have been committed. Valdosta was then the place at which court was held in the Southwestern division of said Southern district. Savannah was then also in the Southern district, Eastern division. At the time the offenses are charged to have been committed and until May 28, 1926, there were two districts in Georgia, the Northern and Southern. The Northern district had four divisions and the Southern five. By the Act approved May 28, 1926 (28 USCA § 150), Congress created the Middle district of Georgia, composed of territory taken from the then Northern and Southern districts. That act put Lowndes county and other counties in that section into the Valdosta division of the new Middle district. Prior to the creation of the Middle district court was held in the Eastern division of the Southern district at Savannah, which is in Chatham county, that county and other counties in that section then composing said Eastern division; but by the Act of May 28 some of the counties in that division were detached and put into the Middle district, and the name of that division was changed from the Eastern division to Savannah division of the Southern district, Chatham and other counties in that section constituting said Savannah division, and terms of court are provided at Savannah in the Savannah division. The act divided the Northern district into three divisions, it theretofore contained four divisions; it divided the Middle district into six divisions and the Southern district into four divisions, it theretofore contained five divisions. On account of the changes in the territory of the Southern district and the divisions thereof after the crimes were committed, appellant challenges the jurisdiction of the court sitting at Savannah in the Savannah division of the Southern district to legally indict him. The proposition is put in the brief of his counsel thus:

"Did the District Court of the Savannah Division of the Southern District of Georgia have the legal right or the jurisdictional power to find, present and return the indictment herein. * * *"

The contention finds its basis, of course, in the Sixth Amendment to the Constitution:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and

public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law."

This and section 59 of the Judicial Code (28 USCA § 121) and the construction given to them are determinative of the inquiry whether the contention is sound. This section has been considered and construed heretofore as applied to the right guaranteed by the Sixth Amendment, and it has been held consistently that said section preserves that guaranty. It reads thus:

"Whenever any new district or division has been or shall be established, or any county or territory has been or shall be transferred from one district or division to another district or division, prosecutions for crimes and offenses committed within such district, division, county, or territory prior to such transfer, shall be commenced and proceeded with the same as if such new district or division had not been created, or such county or territory had not been transferred, unless the court, upon the application of the defendant, shall order the cause to be removed to the new district or division for trial."

The question seems hardly open for further discussion since the opinion of the Supreme Court in Lewis v. United States, 279 U. S. 63, 49 S. Ct. 257, 73 L. Ed. 615. We can see no difference in the controlling facts in that case and those in this. There, by act of Congress, that part of the territory (Tulsa county) in which the crime was committed, and other counties, were taken from the district of which they were then a part and put into a new district, and after that defendants were indicted in the old district. The objection was held to be without merit. So here, while the territory over which the jurisdiction of the court for the Southern district extended, was changed in its boundaries by the Act of May 28 (28 USCA § 150) as to future offenses, there was no change as to past offenses. As to such offenses, the situation remained the same as it existed prior to the approval of the Act of May 28, 1926 (28 USCA § 150), by virtue of said section 59 (28 USCA § 121). The United States District Court for the Southern District of Georgia has continued as the same court, territorially and otherwise, as to its jurisdiction over all offenses committed prior to the approval of the Act of May 28. That section means, according to its plain terms, that the prosecution of all crimes and offenses committed within the territorial limits of the old Southern district shall be commenced and proceeded with the same as if the place in which they were committed had not, after the commission thereof, been detached from the territorial limits of said district. That seems plain, and was so held in the Lewis Case, supra. See, also, Id. (C. C. A.) 22 F.(2d) 760, and Lewis v. United States (C. C. A.) 14 F.(2d) 369. It is our opinion, therefore, that the indictment was properly found and constitutes a legal charge, to which appellant should be required to appear and plead.

█ It is also contended that the court for the Southern district is without power to proceed with the prosecution of appellant in said Savannah division, and that therefore the court below was without right to order his removal to Savannah. In support of this he appears to rely on section 53 of the Judicial Code (28 USCA § 114), which, in so far as material here, is this: "All prosecutions for crimes or offenses shall be had within the division of such districts where the same were committed, unless the court, or the judge thereof, upon the application of the defendant, shall order the cause to be transferred for prosecution to another division of the district"—and also upon the closing part of said section 59 (28 USCA § 121) quoted supra: "Unless the court, upon the application of the defendant, shall order the cause to be removed to the new district or division for trial." We seriously doubt whether the clause last quoted from said section 59 (28 USCA § 121), in so far as it refers to the "new district," can have application to the prosecution of a criminal offense. We doubt whether a court not in existence at the time an offense is committed can thereafter in any manner acquire jurisdiction. Jurisdiction must be acquired the instant a crime is committed, or not at all. For purposes of prosecution a crime exists only at the time of its commission. And clearly, the language quoted from said section 53 (28 USCA § 114) has no relation to the conditions now under consideration. It does not deal with a district and its divisions that have been changed. It contemplates an unchanged condition of affairs in that respect. It is our opinion that the District Court for the Southern District of Georgia is the only judicial tribunal that had, and under said section 59 (28 USCA § 121) still has, jurisdiction of the offenses charged, both to indict and finally prosecute; and as to the division in said district in which further prosecution should be had, it is not necessary that we decide. The District Court for

said Southern District is the same organized tribunal now that it was when the offenses were committed. The offenses were indictable in any division. Salinger v. Loisel, 265 U. S. 224, 235, 44 S. Ct. 519, 68, L. Ed. 989; Ruthenberg v. United States, 245 U. S. 480, 38 S. Ct. 168, 62 L. Ed. 414. The purpose of divisions is for convenience of litigants, jurors, witnesses and counsel. It is not a matter of jurisdiction, else the court could not transfer a criminal prosecution or civil cause from one division to another, as provided in said sections 53 and 59 (28 USCA §§ 114, 121). Nor is there anything in the Act of May 28, or the prior act (Act March 3, 1911, § 77, 36 Stat. 1108) dividing the state into two districts (28 USCA § 150), imposing restrictions in this respect. Under the circumstances of this case we think the District Court of the Southern District has the right and power to try the appellant at any of the places where it now holds court, giving regard only to the matter of convenience of those concerned. But, of course, we do not speak authoritatively for the District Court in the Fifth Circuit. What we say is only our consideration of counsel's contention on the question of removal.

No question is raised as to appellant's identity, the sufficiency of the charges in form, and that there is probable cause to believe he committed the offenses charged if the same are good in law. There is no ground on which, in our judgment, appellant is entitled to be discharged from custody. We think the order for his removal was properly made. The mandate may issue forthwith.

Affirmed.