## FRANTZ v. UNITED STATES.

### No. 6245.

Circuit Court of Appeals, Sixth Circuit.

Jan. 10, 1933.

738

W. A. Collins, of Bay City, Mich. (Collins & Thompson, of Bay City, Mich., on the brief), for appellant.

O. J. Manary, of Bay City, Mich. (Gregory H. Frederick, of Detroit, Mich., on the brief), for the United States.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Defendant was indicted upon twenty-four counts, twelve of which charged him with embezzling funds of the First National Bank of Bay City, Mich., and twelve with having made false entries in the bank's books. He was acquitted of the charges of embezzlement and convicted upon the counts charging the making of false entries. There are a great many assignments of error, only a few of which need be noticed.

The first assignment of error urged is that the court, upon its own motion, excused from the panel of petit jurors all those who had been summoned from Bay City. We see no error in this action. The defendant had been tried once before upon the indictment, and the jury had disagreed. The purpose of the court was to obtain for the second trial a jury which was beyond all suspicion of prejudice. Under section 277 of the Judicial Code (28 USCA § 413) the court had power to require that jurors be returned only "from such parts of the district * * * as to be most favorable to an impartial trial." It was thus within the power of the court to require that the original return of petit jurors should include those from all counties in the division excepting one [Jarl v. United States, 19 F. (2d) 891 (C. C. A. 8)], and, where a panel had already been returned for the trial of various defendants, we think that it was still within the discretion of the trial judge to

excuse from service in a particular case those jurors who resided in any one county. There is no claim that this discretion was abused, and we are unable to see that prejudice thereby resulted. Cf. Lewis v. United States, 279 U. S. 63, 49 S. Ct. 257, 73 L. Ed. 615; Ruthenberg v. United States, 245 U. S. 480, 38 S. Ct. 168, 62 L. Ed. 414; Remus v. United States, 291 F. 501 (C. C. A. 6).

■ The indictment was based upon an alleged violation of Revised Statutes § 5209, as amended, 12 USCA § 592, providing, inter alia, for the punishment of one "who makes any false entry in any book, report, or statement of such Federal reserve bank or member bank, with intent in any case to injure or defraud such Federal reserve bank or member bank." Twelve instances of such alleged false entries were made the bases of twelve separate counts of the indictment, and at the trial the court permitted the proof of other instances, not specified in the indictment, as tending to establish intent. In so far as these other entries were traced to or shown to be connected with the defendant there was no error in admitting this evidence. Wolfson v. United States, 101 F. 430 (C. C. A. 5); Galbreath v. United States, 257 F. 648, 658 (C. C. A. 6); Holt v. United States, 42 F.(2d) 103 (C. C. A. 6).

■ In addition to testimony upon this subject, however, the court admitted as documentary evidence a tabulation prepared by the accountant who examined the books of the bank, setting forth in detail not only the instances of embezzlement and false entry which he testified he had traced to the defendant, but also innumerable other instances in which he testified interest paid to the bank had failed to be reflected in its accounts but which could not be traced to the defendant. The books of the bank having been made available to the defendant, the result of the examination might doubtless be proved by the person who made it in so far as the testimony was relevant to the purpose for which it was offered (Burton v. Driggs, 20 Wall. 125, 136, 22 L. Ed. 299; Galbreath v. United States, supra); but, where this purpose was solely the proof of fraudulent intent, the relevancy of evidence of unconnected items of loss is not apparent. In the ordinary case, also, we think that it is inadvisable to permit only a part of the evidence to be introduced in transcribed or documentary form. This is a matter which is largely within the sound discretion of the trial judge, but the tendency might be that such evidence would thereby be unduly emphasized—that the jury would give more weight to that which was thus reduced to the form of a written report, and as such was submitted to them, than would be given to purely verbal testimony to the same effect. Perhaps, since there must be a new trial on the ground now to be noticed, the court will give consideration to these viewpoints when the case is next heard and the questions will not again arise.

■ We come, then, to the ground chiefly relied upon by the appellant. Throughout the trial, lasting a number of days, the District Judge was quite evidently convinced of the guilt of the accused, and took no pains to avoid disclosure of this fact to the jury. In his examination and cross-examination of witnesses, in remarks in the presence of the jury as to the state of the evidence upon certain issues, and in opinions he expressed as to other elements of testimony and the frequent reiteration of a question respecting the defendant's presence in the paying teller's cage, "when all the shortages of interest failed to go through," the trial judge inadvertently, we are sure, departed from that attitude of disinterestedness which we regard as the very foundation of a fair and impartial trial. We do not intend to hold, or even to imply, that a federal judge may not participate directly in both civil and criminal trials, or propound such questions to witnesses as seem to him essential to the proper development of the case, or express his personal opinion upon fact issues, but in so doing he should always be calmly judicial, dispassionate, and impartial. He should sedulously avoid all appearance of advocacy as to those questions which are ultimately to be submitted to the jury. The definition of the duty of a trial judge, and the permissible limits of his action as such, are well stated by Judge Shelby in his opinion in Adler v. United States, 182 F. 464, 472 (C. C. A. 5), which statement we accept and approve. See, also, Weare v. United States, 1 F.(2d) 617, 618 (C. C. A. 8); Sandals v. United States, 213 F. 569, 574, et seq. (C. C. A. 6). The authorities just cited review many decisions of the Supreme Court and of other courts of appeals, which makes it unnecessary for us here to duplicate this labor.

■ It is also there suggested that trial situations may arise where "the evidence, taken as a whole, might be so conclusive of the defendant's guilt that an appellate court would not be justified in interfering with the judgment on this account alone"; but this is not such a case. Other trial situations may be presented where the instructions of the court to the jury, either at the time or in his gen-

eral charge, may properly be assumed to have removed any prejudice that would have been apparent but for such instructions. Compare, as to improper conduct of counsel, Carter v. Tennessee, 18 F.(2d) 850, 853 (C. C. A. 6). In his charge to the jury in the present case it is also true that the court said: "You are the sole judges of the facts in the case, and should determine the same after due consideration of all the evidence in the light of the attending circumstances and the reasonable and fair inferences to be drawn from the testimony, and in so doing you should act upon your own independent judgment, uninfluenced by what others, including this court, may think or say"; but we do not believe that this charge operated to remove from the minds of the jury the effect of what had gone before. In Pharr v. United States, 48 F.(2d) 767, this court laid down the principle that whether a reversal is required because of misconduct of counsel depends on whether such a fixed impression was made on the minds of the jury as to influence the verdict and whether the admonition of the court had the effect of removing the harmful impression already made. See, also, to the same effect, Volkmor v. United States, 13 F.(2d) 594 (C. C. A. 6). We are of the opinion that the same principle should be applied in the matter now under consideration, and that the admonition of the court, as above quoted from the general charge, was ineffective to correct the mischief already done.

We have examined and carefully considered the other assignments of error, but find none of them meritorious or worthy of separate comment.

For the reasons above stated, the judgment of the District Court is reversed, and the cause is remanded for a new trial.