Jones, J.
 

 Section 1579-519, General Code, relating to the municipal court of Akron, provides that all criminal cases “shall be tried to the court unless a trial by jury is demanded by a party,” etc. Since no such demand was made in this case, the municipal court proceeded to try the defendant without the intervention of a jury. It is now contended by counsel for defendant, present plaintiff in error, that this special procedural statute relating to the municipal court of Akron has been abrogated or superseded by the new Criminal Code adopted and made effective July 21, 1929. In substance the effect of the contention is that the later general statute repealed the section of the Akron Municipal Act which antedated it. Section
 
 *36
 
 1579-497, General Code, of the Akron Municipal Court Act, defines its “municipal court” as a court of record. Since it is a court of record, it is now urged that Section 13442-4, General Code, supersedes the provision of the Akron Municipal Court Act in respect to the right of waiver of a jury trial. That section reads: “In all criminal cases pending in courts of record in this state, the defendant shall have the right to waive a trial by jury, and may, if he so elect, be tried by the court without a jury. Such waiver and election by a defendant, shall be in writing, signed by the defendant and filed in said cause and made a part of the record thereof.” As no written waiver of a jury, or election to be tried by the court, was in fact filed, the accused contends that the municipal court had no jurisdiction to try him and that it was incumbent upon the court to have his case sent to a jury.
 

 Whether the Municipal Court Act was impliedly repealed, or superseded by the later Code of Criminal Procedure, depends upon the construction of other cognate sections which became a part of the Criminal Code Procedure at the time of the original enactment in 1929. Section one of this act, Section 13422-1, General Code, recites that “for the purposes of this title, the word‘magistrate’shall be held to include * * * judges of other courts inferior to the court of common pleas. ’ ’ Section 13424-1 provides in substanee that, in prosecutions before a magistrate when imprisonment is part of the punishment, if a jury is demanded, the magistrate shall certify the pending prosecution to the court clerk and that failure to demand a jury ‘ ‘ shall be deemed a waiver of the same. ’ ’ While Section 13442-4, General Code, pertaining to jury waivers, applies to criminal cases pending in “courts of record,” since the same act (Section 13424-1, General Code) controls jury waivers before magistrates, and elsewhere further stipulates that the word magistrate-
 
 “for the purposes of this
 
 title” shall be held to include “judges of
 
 *37
 
 other courts inferior to the court of common pleas” (Section 13422-1, General Code), we are inclined to the view that municipal courts, were excluded from the specific provisions relating to waiver embodied in Section 13442-4, General Code.
 

 The Akron Municipal Court Act was not expressly repealed when the new Criminal Code was later adopted; and we can discover no legislative intention to repeal it. This view is reinforced not only by the fact that there was no repeal of the earlier municipal act, but by the additional fact that in the later legislation there was expressed an intention not to disturb the general jurisdiction conferred by law upon municipal courts. This legislative intention- in respect to such courts is manifested by the passage of Section 13422-6, General Code, which is a part of the original act. That section, under the caption
 
 “Jurisdiction of Municipal Courts,”
 
 reads as follows: “No provision of this chapter shall be construed to affect, modify, or limit the jurisdiction! conferred upon the municipal courts by law.”
 

 The general and special statutes under consideration are not necessarily irreconcilable; they only differ in the method of making demand for jury trials, and, since there was no express repeal of the former statute in that respect, we are of opinion that there was no repeal thereof by implication. Repeals by implication are not favored unless they are necessarily implied.
 
 Village of Leipsic
 
 v.
 
 Wagner,
 
 105 Ohio St., 466, 138 N. E., 863.
 

 Although an accused may have had the right of a trial by jury in this instance, such right is not impinged by a statute providing that a jury trial may be waived if the accused does not demand it, or “when the accused may have it or not, at his election.”
 
 Dillingham
 
 v.
 
 State,
 
 5 Ohio St., 280, 283;
 
 Dailey
 
 v.
 
 State,
 
 4 Ohio St., 57.
 

 
 *38
 
 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Allen, Stephenson and Matthias, JJ., concur.