THE STATE OF OHIO, APPELLEE, *v.* KING, APPELLANT.

(No. 4310—Decided June 21, 1948.)

Mr. *Louis R. Young,* for appellee.
·Mr. *Eldon H. Young,* for appellant.

CARPENTER, J. Denial of his challenge to the array is the only complaint now urged by the defendant, appellant herein, to the judgment of the Municipal Court of Toledo convicting him on a second-offense charge of practicing medicine in Toledo without a license, in violation of Section 12694, General Code, under which imprisonment may be a part of the punishment.

He having duly demanded and been granted a trial by jury, the court summoned the jurors as provided in the Municipal Court of Toledo Act, Section 1579-301, General Code, a part of which, provides: "Jurors in the Municipal Court shall be chosen and summoned in accordance with a rule of said court."

Section 1579-300, General Code, requires, among other things, that jurors in both civil and criminal cases in the Municipal Court of Toledo shall be "electors of the city of Toledo," and rule 27 of the court furnishes the details how they shall be selected and summoned. It was stipulated in the record that the trial jury was drawn in accordance with such statute and the rule.

However, the defendant says this was to him prejudicially erroneous in two respects:

■ That the drawing should have been done as pointed out in Sections 13424-1 and 13424-2, General Code, which say in part:

Section 13424-1. "In prosecutions before a magistrate, when imprisonment is a part of the punishment, if a trial by jury is demanded, the magistrate * * * shall certify to the clerk of the Court of Common Pleas of the county that such prosecution is pending before him * * *."

Section 13424-2. "Thereupon the clerk shall draw from the jury wheel containing the names of persons selected to serve as petit jurors in the Court of Common Pleas in such county, twenty names which shall

be drawn and counted in a like manner as for jurors in the Court of Common Pleas. The clerk shall forthwith certify the names so drawn, to the magistrate, who, thereupon shall issue to any constable, chief of police or marshal in the county, a venire * * *.''

By Section 13422-1, General Code, "judges of other courts inferior to the Court of Common Pleas," which include judges of the Municipal Court of Toledo, are "magistrates," within the meaning of the statutes above quoted.

As these sections were enacted subsequently to the Municipal Court of Toledo Act, it is contended that, by implication, they have repealed the procedure provided for in that act. Such sections were a part of the Code of Criminal Procedure enacted in 1929, 113 Ohio Laws, 125.

In *Holub* v. *State,* 127 Ohio St., 34, 186 N. E., 708, it was contended that Section 1579-519, General Code, a part of the Municipal Court of Akron Act, which, like Section 1579-300, provides that all cases "shall be tried to the court unless a trial by jury is demanded by a party," was repealed by implication by Section 13442-4, General Code, which is also a part of the Code of Criminal Procedure and requires a waiver of trial by jury to be in writing and in a certain form.

In that case the court said in paragraph two of the syllabus:

"The provisions of Section 13442-4, General Code, relating to the waiver of jury trials in criminal cases, do not repeal or supersede the provision found in the Akron Municipal Court Act (Section 1579-519, General Code) requiring a trial to the court, unless a trial by jury be demanded.''

The following reasoning by Judge Jones in the opinion, at page 37, has equal application in the instant case:

"The Akron Municipal Court Act was not expressly repealed when the new Criminal Code was later adopted; and we can discover no legislative intention to repeal it. This view is reinforced not only by the fact that there was no repeal of the earlier municipal act, but by the additional fact that in the later legislation there was expressed an intention not to disturb the general jurisdiction conferred by law upon municipal courts. This legislative intention in respect to such courts is manifested by the passage of Section 13422-6, General Code, which is a part of the original act. That section, under the caption *'Jurisdiction of Municipal Courts,'* reads as follows: 'No provision of this chapter shall be construed to affect, modify, or limit the jurisdiction conferred upon the municipal courts by law.'

"The general and special statutes under consideration are not necessarily irreconcilable; they only differ in the method of making demand for jury trials, and, since there was no express repeal of the former statute in that respect, we are of opinion that there was no repeal thereof by implication. Repeals by implication are not favored unless they are necessarily implied. *Village of Leipsic* v. *Wagner,* 105 Ohio St., 466, 138 N. E., 863."

To the same effect are *State* v. *Partanen,* 67 Ohio App., 248, 36 N. E. (2d), 422; *Village of New Miami* v. *White,* 73 Ohio App., 12, 53 N. E. (2d), 664.

It might also be said that the legislative intent not to disturb established procedure in municipal courts was later evidenced when Section 11419-39, General Code, was enacted as part of the "Jury Code," 114 Ohio Laws, 193, 204, although generally that act relates to civil procedure. That section is:

"Nothing in this act contained shall contravene or affect any section of the General Code relating to ju-

rors in the inferior courts in any county of the state."

■ It is further contended that the jury by which defendant was tried, being made up wholly of electors of the city of Toledo and not from the whole of Lucas county, violated Section 10 of Article I of the Constitution of Ohio, which says:

"In any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; * * *."

Prior to the 1912 amendment of this section, the words, "or district," followed the word, "county." While in that form it was before the Supreme Court in *State* v. *Fendrick,* 77 Ohio St., 298, 82 N. E., 1078, which originated in the police court of the city of Columbus. Such court had jurisdiction of offenses "committed within the limits of the city, or within four miles thereof."

In that case, a jury being drawn, the defendant "challenged the array upon the ground that she resided, and her offense was alleged to have been committed, beyond the corporation limits of the city, while the jury was drawn wholly from within the limits of the city."

The Circuit Court held that the overruling of the challenge was error in that "the trial district and the jury district must be the same," and reversed the conviction. The Supreme Court reversed the judgment of the Circuit Court and affirmed the conviction, saying in the syllabus:

"A police court of a city exercising its jurisdiction to try a person charged with a misdemeanor committed outside of the city limits, but within four miles thereof, does not err in overruling a challenge to the array of jurors, the challenge being upon the ground that they

have been drawn wholly from within the limits of the city.''

In the opinion, Judge Shauck, quoting the portion of Section 10, Article I of the Constitution, said:

"The primary purpose of this provision is to fix the place of trial. All that is required as to the jury is that it shall be impartial. As to the place of trial, the substance of the right conferred is that 'it shall be in the county or so near thereto that the accused may have the benefit of his own reputation and that of his witnesses, and that he may, with as much certainty and as little expense and delay as are practicable, secure the attendance of his witnesses' (*State, ex rel.,* v. McCarty, *Judge,* 52 Ohio St., 363). The impartiality of the jury is required by the statute under which this panel was drawn.''

The Sixth Amendment to the Constitution of the United States, which was evidently followed in drafting the Ohio provision under consideration, provides for "a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed.'' In *Ruthenberg* v. *United States,* 245 U. S., 480, 62 L. Ed., 414, 38 S. Ct., 168, a conviction by a jury drawn from a division of the district was sustained, such jury having been authorized by law, as is done by Toledo Municipal Court procedure.

From the foregoing it appears that the jury impaneled was authorized by law, and nothing is presented to indicate that it was not "impartial'' within the meaning of the Constitution. Hence, the judgment is affirmed.

*Judgment affirmed.*

Conn and Fess, JJ., concur.