**Louis FIANO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17122.**

United States Court of Appeals
Ninth Circuit.

May 17, 1961.

Wapner, Rankow, Cohen & Jaffin, New York City, and Louis Fiano, in pro. per. (L. Donald Jaffin, New York City, of counsel), for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan and Meyer Newman, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

PER CURIAM.

Louis Fiano was convicted in the United States District Court of violating the Federal Narcotics Act (Title 21 U.S.C.A. § 174). He appealed and his conviction

was affirmed by this court. A petition for rehearing, attacking the sufficiency of the indictment for the first time, was denied by this court. (9 Cir., 271 F.2d 883.) A petition for a writ of *certiorari* to the United States Supreme Court was denied. 361 U.S. 964, 80 S.Ct. 593, 4 L. Ed.2d 545. A petition for a rehearing was also denied in the Supreme Court. 362 U.S. 925, 80 S.Ct. 668, 4 L.Ed.2d 744. See also Fiano v. United States, 9 Cir., 1958, 259 F.2d 135.

Thereafter petitioner Louis Fiano applied for an order releasing him from custody, under the provisions of 28 U.S.C. § 2255, upon the grounds that his sentence was imposed in violation of the Constitution, and that the court was without jurisdiction to impose such sentence. This is an appeal from the denial of relief under 28 U.S.C. § 2255. This court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 2253 and 2255.

There is but one point raised by this appeal: Can a conviction sustained on appeal be vacated by a motion under 28 U.S.C. § 2255, wherein the sufficiency of the indictment is attacked, because the indictment charged that the heroin was imported into the United States "contrary to United States Code, Title 21, Section 174" instead of "contrary to law"?

We hold it cannot for three reasons:

■ 1. The indictment is not open to collateral attack after conviction. Such an issue must be raised on direct appeal, unless the indictment is so fatally defective as to deprive the court of jurisdiction. Stegall v. United States, 6 Cir., 1958, 259 F.2d 83, certiorari denied 358 U.S. 886, 79 S.Ct. 128, 3 L.Ed.2d 114; Pulliam v. United States, 10 Cir., 1949, 178 F.2d 777; Ex parte Watkins, 3 Pet. 193, 28 U.S. 193, 7 L.Ed. 650.

In Hilderbrand v. United States, 9 Cir., 1958, 261 F.2d 354, at page 357, relied upon by appellant, the face of the indictment disclosed that no federal offense was committed.

Cf. also Martyn v. United States, 8 Cir., 1949, 176 F.2d 609.

Marteney v. United States, 10 Cir., 1954, 216 F.2d 760 follows Hilderbrand, and lays down the test.

"The test of the sufficiency of the indictment on a motion to vacate a sentence is whether the indictment *by any reasonable construction* can be said to charge the offense for which the sentence was imposed." (Citing cases. Emphasis added.)

■ Here the indictment, as drawn, shows plainly on its face not only that the heroin had been imported into the United States "contrary to law," but contrary to a specific section of the law, namely Title 21, Section 174 of the United States Code. That such section is applicable only to the knowing sale of narcotic drugs knowingly imported "contrary to law" told the petitioner more about the law he was charged with violating than if the indictment had merely said he had knowingly sold heroin "contrary to law." In other words, the language used was restrictive in a manner favoring the petitioner. See Brown v. United States, 9 Cir., 1955, 222 F.2d 293, and cases cited therein in note 3.

It is necessary for petitioner to take the position that he could not know from the indictment that a charge of violating a section of the United States Code was not a charge he had acted contrary to law. We think he could and did.

■ 2. The petitioner unsuccessfully raised the same issue on his appeal, and it is now res adjudicata, and the law of the case.

■ This appears from the record and is admitted in petitioner's opening brief (p. 2, second and third paragraphs). It is well recognized that § 2255 procedure cannot be utilized to take the place of appeal. Stegall v. United States, supra; Perno v. United States, 9 Cir., 1957, 245 F.2d 60, certiorari denied 362 U.S. 964, 80 S.Ct. 880, 4 L.Ed.2d 878; Davilman v. United States, 6 Cir., 1950, 180 F.2d 284.

■ 3. Even if we could and should consider the issue in this proceeding, there is no merit in petitioner's position.

The only requirement is that offenses created by statute must be described in such detail that the accused is informed of the charge against him. Brown v. United States, supra; Pon Wing Quong v. United States, 9 Cir., 1940, 111 F.2d 751; Yip Wah v. United States, 9 Cir., 1925, 8 F.2d 478, certiorari denied 270 U.S. 645, 46 S.Ct. 336, 70 L.Ed. 777.

The record on this appeal, and on the previous appeal, amply demonstrates that the accused had not the slightest difficulty in ascertaining the charge against him in all its details.

The judgment denying petitioner relief under § 2255 is affirmed.