**Alfred G. CUMMINS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 20810.

United States Court of Appeals
Ninth Circuit.

Nov. 14, 1966.

Alfred G. Cummins, in pro. per.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Robert L. Brosio, Gabriel A. Gutierrez, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CECIL,* BARNES, and ELY, Circuit Judges.

ELY, Circuit Judge.

The appellant is a federal prisoner. His confinement results from a judgment and commitment order entered on November 25, 1960. The judgment followed his conviction, in a jury trial, of offenses proscribed by 18 U.S.C. § 495. On each of nine counts he was sentenced to a term of ten years, the terms to commence and run concurrently.

On July 19, 1965, the appellant filed a motion based upon 28 U.S.C. § 2255. The District Court denied the motion without a hearing, the order of denial reciting that all pertinent files and records "conclusively show that the prisoner is entitled to no relief." This appeal followed.

In the motion filed in the court below, the appellant alleged, in effect, that the indictment under which he was convicted was "defective," that it did not "state a charge," that it did not "specify what Statue [sic] was violated," and that it was so insufficient that the appellant was unable, intelligently, to enter his plea of not guilty. The allegations in the motion continue with the assertion that the plea was void and that, hence, the conviction was void.

The contentions were clearly without merit, and the action of the District Court was proper.[1] An indictment's irregularities or defects, such as are alleged, must be attacked on direct appeal. They are not subject to attack in proceedings instituted under the provisions of 28 U.S.C. § 2255. "It is the general rule that an indictment, not questioned at trial or on direct appeal, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." Palomino v. United States, 318 F.2d 613, 616 (9th Cir. 1963), cert. denied, 375 U.S. 932, 84 S.Ct. 335, 11 L.Ed. 2d 264 (1963), rehearing denied, 375 U.S. 989, 84 S.Ct. 520, 11 L.Ed.2d 476 (1964). "The indictment is not open to collateral attack after conviction. Such an issue must be raised on direct appeal, unless the indictment is so fatally defective as to deprive the court of jurisdiction." Fiano v. United States, 291 F.2d 113, 114 (9th Cir. 1961), cert. denied, 368 U.S. 943, 82 S.Ct. 380, 7 L.Ed.2d 340 (1961).

In our court, the appellant presents a new contention. He correctly recites that the indictment charges him, in nine counts, with nine violations of 18 U.S.C. § 495 and that his sentences were fixed under that statute. He then argues that the treasury check, the endorsement of which he was charged to have forged in Count One, was a "pension check issued to a pensioner" and that for the forgery of such a check, he should have been indicted and sentenced under 38 U.S.C. § 128, which prescribed a maximum imprisonment term of five years.[2]

---

* Lester L. Cecil, of the Sixth Circuit, sitting by designation.

1. We have examined the indictment. In its heading appears "[18 U.S.C. § 495— Forgery of Writing, Uttering Forged Writing]." Each of the nine counts mentions "18 U.S.C. § 495," and each specifies treasury checks by number, date, amount, and the names of the payees whose signatures appellant was accused of forging.

2. A somewhat similar contention was made in Conerly v. United States of America, 350 F.2d 679 (9th Cir. 1965).

Appellant has overlooked the fact that 38 U.S.C. § 128 has been repealed and that the effective date of the repeal was January 1, 1958. Veterans' Benefit Act of 1957, Pub.L. 85–56, § 2203(88), 71 Stat. 162. The nine offenses were committed in 1960.[3]

Affirmed.

---

3. Even if appellant's conviction under Count One of the indictment had been improper, such determination would not invalidate the judgments entered pursuant to this conviction on the other eight counts. This being so, a decision favoring appellant in his latest contention would not alter the correctness of the District Court's conclusion that he is not entitled to relief. See United States v. Romano, 382 U.S. 136, 138, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); United States v. Gainey, 380 U.S. 63, 65, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); Banzer v. United States, 367 F.2d 865 (9th Cir. 1966).