21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin TROWERY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-55774.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Trowery, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence imposed following a jury trial. Trowery was convicted of conspiracy to possess with intent to distribute heroin and the unlawful use of a communication facility, in violation of 21 U.S.C. Secs. 846 & 843(b). We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Trowery contends that he was tried in violation of the Speedy Trial Act, 18 U.S.C. Sec. 3161. This contention lacks merit.
 
 
 4
 "The Speedy Trial Act is violated if a defendant is not tried within 70 days of the latest of either the filing of an indictment or the initial court appearance." United States v. Baker, 10 F.3d 1374, 1400 (9th Cir.1993); 18 U.S.C. Sec. 3161(c)(1). "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. Sec. 3162(2). An "ends of justice" continuance, pursuant to 18 U.S.C. Sec. 3161(h)(8)(a), will result in excludable delay if the judge makes a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. Sec. 3161(h)(8)(a). Additionally, the court must set forth in the record of the case, either orally or in writing, the reasons for its finding. See id.
 
 
 5
 Trowery was arrested in Washington state on January 27, 1987. He was indicted on February 10, 1987. Trowery first appeared in the Central District of California on March 23, 1987. Trial commenced on July 1, 1987.
 
 
 6
 Here, the district court made specific findings that the ends of justice would be served by granting two continuances of the trial. Further, the district court set forth its reasons for this determination in two separate orders. Therefore, the district court's findings satisfy the requirements of Sec. 3161(h)(8)(a), and the district court did not err in finding the delay from the continuances excludable. See 18 U.S.C. Sec. 3161(h)(8)(a). Allowing for excludable time, the trial began on the 30th day following Trowery's initial appearance in the district. Thus, because Trowery was tried within 70 days of the initial court appearance, there was no violation of the Speedy Trial Act. See Baker, 10 F.3d at 1400; 18 U.S.C. Sec. 3161(c)(1). Accordingly, Trowery's contention lacks merit. See Baker, 10 F.3d at 1400; 18 U.S.C. Sec. 3161(c)(1).
 
 
 7
 Trowery also contends that the indictment was defective under Fed.R.Crim.P. 7(c). This contention also lacks merit.
 
 
 8
 Trowery argues that the indictment is invalid because it fails to place the conspiracy for which he was charged within any specific time frame. The sufficiency of the indictment should be attacked at trial or on direct appeal, and is generally not subject to collateral attack in a Sec. 2255 motion after conviction. See United States v. Garrett, 680 F.2d 650, 651 (9th Cir.1982); Cummins v. United States, 368 F.2d 819, 820 (9th Cir.1966). The exception to this rule is when the indictment is so fatally defective that the court is deprived of jurisdiction. See Fiano v. United States, 291 F.2d 113, 114 (9th Cir.) (per curiam), cert. denied, 368 U.S. 943 (1961). An indictment is sufficient if it states the elements of the offense charged with sufficient clarity to apprise the defendant of the charges against him in sufficient detail to enable him to prepare a defense. See United States v. Laykin, 886 F.2d 1534, 1542 (9th Cir.1989), cert. denied, 496 U.S. 905 (1990).
 
 
 9
 Here, the indictment charged Trowery with a conspiracy beginning on a date unknown to the grand jury, and ending on or about January 27, 1897. The indictment further charged thirty-three overt acts between March 22, 1985 and January 27, 1987. The overt acts take place within a discrete time period and provide sufficient information to prepare an adequate defense. See id. We have previously held that in these circumstances the uncertainty of the beginning and ending dates of the conspiracy does not render the indictment fatally defective. See id. (list of overt acts served as the basis for limiting the time frame covered by the indictment and gave defendants notice of the scope of the charges against them). Accordingly, Trowery's contention lacks merit.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also note that Trowery did not raise the issue of the time frame of the conspiracy in his Sec. 2255 motion, but merely raised a general challenge to the sufficiency of the indictment. Although we have considered the issue, this court generally will decline to review an issue not raised in the petitioner's Sec. 2255 motion. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)